■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v PERFECT KNOWLEDGE, INC., Appellant, et al., Defendants. (And

Related Actions.) [752 NYS2d 677] —In a subrogation action to recover insurance benefits paid to the plaintiff's insureds, which was consolidated with seven other related actions, the defendant Perfect Knowledge, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 13, 2001, as granted the plaintiff's motion to amend the complaint to add 136 William Street, LLC, as an additional subrogor, denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it, and granted the plaintiff's cross motion for summary judgment dismissing its affirmative defense based on a contractual waiver of subrogation provision.

Ordered that the order is affirmed insofar as appealed from, with costs.

This subrogation action arises from a fire which occurred on April 12, 1998, at 136 William Street in Brooklyn. The fire broke out when Perfect Knowledge, Inc. (hereinafter Perfect Knowledge), the fifth floor tenant, hired a contractor to install a new air conditioning unit. A blow torch used by the contractor ignited the building's ceiling tiles. Liberty Mutual Insurance Company (hereinafter Liberty Mutual), as the insurer for the owner of the premises, 136 William Street, LLC (hereinafter 136 William Street), paid out in excess of $1,000,000 for losses sustained by 136 William Street. Thereafter, Liberty Mutual commenced this subrogation action against Perfect Knowledge and the contractor, asserting claims of negligence and breach of contract. Liberty Mutual commenced the action as subrogee of an entity known as Rainbow USA, Inc. (hereinafter Rainbow).

The Supreme Court properly granted Liberty Mutual's motion for leave to amend the complaint to add 136 William Street as an additional subrogor. Leave to amend pleadings should be freely granted (see CPLR 3025 [b]). The decision to grant or deny leave to amend a pleading is within the Supreme Court's discretion, and the exercise of such discretion shall not be lightly disturbed (see *Duffy v Bass & D'Allesandro,* 245 AD2d 333). Liberty Mutual's moving papers established that Rainbow and 136 William Street were both insureds under the policy, that the subject premises were a covered property under the policy, and that Rainbow accepted payment from Liberty Mutual as an agent for 136 William Street in connection with the recovery of losses sustained by the fire. No basis exists for disturbing the Supreme Court's determination.

The Supreme Court also properly denied the motion of Perfect Knowledge for summary judgment dismissing the

complaint insofar as asserted against it based on waivers of subrogation contained in the lease agreement, and granted Liberty Mutual's motion for partial summary judgment striking the affirmative defense based on those waivers. Waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are generally valid and enforceable (*see The Gap v Red Apple Cos.,* 282 AD2d 119, 124; *Viacom Intl. v Midtown Realty Co.,* 193 AD2d 45, 53). Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement (*see Viacom Intl. v Midtown Realty Co., supra*). Such an agreement is necessarily premised on the procurement of insurance by the parties. Here, however, Perfect Knowledge breached certain provisions of the lease with respect to the procurement of insurance. Paragraph 52 of the lease required it to obtain $3,000,000 in liability coverage, but it obtained an insurance policy with only $2,000,000 in liability coverage. It also failed to list 136 William Street as an insured under the policy. Finally, by retaining a contractor who was uninsured, it failed to comply with Paragraph 3 of the lease, which required that contractors hired to perform alterations and changes carry liability coverage. Without the procurement of insurance, the shifting envisioned under the agreement could not take place, and the agreement was frustrated. Therefore, Perfect Knowledge is not entitled to enforcement of the waiver provisions in the lease. Smith, J.P., Friedmann, H. Miller and Cozier, JJ., concur.