■ NANCY GRANDE, Respondent, v ALFRED PETEROY et al., Appellants. (And Another Title.) [833 NYS2d 615]—

In a consolidated action to recover damages for personal injuries, the defendants Alfred Peteroy and Louis Peteroy appeal, and the defendant Toyota Motor Credit Corp. separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated January 11, 2006, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiff's cross motion for leave to amend her bill of particulars and for summary judgment on the issue of serious injury.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross

motion which was for summary judgment on the issue of serious injury and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On September 30, 2003 the Supreme Court issued a preliminary conference order requiring that all motions be made within 60 days of the filing of the note of issue. The plaintiff filed the note of issue on or about May 19, 2005.

By notice of motion dated June 6, 2005, the defendant Toyota Motor Credit Corp. moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). By notice of motion dated July 17, 2005, the defendants Alfred Peteroy and Louis Peteroy also moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). By notice of cross motion dated September 30, 2005, the plaintiff cross-moved for leave to amend her bill of particulars to add a tibial fracture of the leg as one of the injuries she sustained in the accident and for summary judgment against the defendants on the threshold issue of serious injury on the ground that a fracture constitutes a serious injury as a matter of law. The Supreme Court denied the defendants' respective motions and granted the plaintiff's cross motion for leave to amend the bill of particulars and for summary judgment on the issue of serious injury.

Leave to amend a bill of particulars is freely given absent prejudice or surprise, unless the amendment is sought on the eve of trial (see Singh v Rosenberg, 32 AD3d 840, 842 [2006]; Joaquin v Munoz, 21 AD3d 349 [2005]). In the instant case, there is no evidence that the amendment was sought on the eve of trial. We note that a note of issue had been recently filed and the defendants' motions for summary judgment were pending. To avoid any prejudice, the Supreme Court granted the defendants the right and opportunity to conduct a physical examination of the plaintiff. Accordingly, that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars was properly granted.

That branch of the plaintiff's cross motion which was for summary judgment on the issue of serious injury was made more than 60 days after the note of issue was filed and therefore was untimely (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]). However, an untimely motion or cross motion for summary judg-

ment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds (*see Bressingham v Jamaica Hosp. Med. Ctr.,* 17 AD3d 496, 497 [2005]; *Boehme v A.P.P.L.E., A Program Planned for Life Enrichment,* 298 AD2d 540 [2002]; *Miranda v Devlin,* 260 AD2d 451 [1999]). In such circumstances, the issues raised by the untimely motion or cross motion are already properly before the court and thus, the nearly identical nature of the grounds may provide the requisite good cause (*see* CPLR 3212 [a]) to review the untimely motion or cross motion on the merits. Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]).

However, summary judgment should have been denied to the plaintiff since the defendants had no opportunity to examine the plaintiff and determine for themselves whether a fracture indeed was present (*see* CPLR 3212 [f]), causally related to the accident, and had no opportunity to submit an affidavit in opposition to that branch of the plaintiff's cross motion which was for summary judgment on the issue of serious injury. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.