■ ALEJANDRO CRUZ, Appellant, v NEIL HOSPITALITY, LLC, Respondent, and TOP 8 CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent. PRO WELD FABRICATORS, INC., Third-Party Defendant. [855 NYS2d 219]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much an order of the Supreme Court, Kings County (Balter, J.), dated December 27, 2006, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and granted those branches of the defendants' cross motion which were for summary judgment dismissing that cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.3 (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed as an iron worker by a subcontractor that was working on the construction of a hotel for the de-

fendant Neil Hospitality, LLC. The plaintiff, along with five other workers, was attempting to move a steel beam, 20 feet long and weighing approximately 800 pounds, by pushing it over a dirt mound about 15 feet high. They were moving the beam by pushing it on top of another beam, and had moved it half way up the mound when they stopped for a moment. The beam began to slide back down and everyone else moved out of the way. There was a large ditch behind the plaintiff that prevented him from moving back. He attempted to jump over the beam, but his left leg was caught and crushed between the beams.

The plaintiff commenced this action to recover damages for personal injuries asserting causes of action, inter alia, based upon violations of Labor Law § 240 (1) and § 241 (6). The plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. The defendants cross-moved, among other things, for summary judgment dismissing the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.3 (c). The Supreme Court denied the plaintiff's motion and granted those branches of the defendant's cross motion.

The cause of action based upon a violation of Labor Law § 240 (1) was properly dismissed. In support of their cross motion for summary judgment, the defendants established, prima facie, that the plaintiff was not subject to an elevation-related hazard to which the protective devices enumerated in the statute apply. The beam was not elevated above the work site, but rather was at the same level as the plaintiff (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268-270 [2001]; Melo v Consolidated Edison Co. of N.Y., 92 NY2d 909, 910 [1998]; Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843 [1994]; Parker v Ariel Assoc. Corp., 19 AD3d 670, 671 [2005]). The plaintiff was exposed to the "usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843 [1994]). In opposition to the defendants' cross motion, the plaintiff failed to raise a triable issue of fact, nor did the plaintiff establish in support of his own motion for summary judgment that he was entitled to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment and granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.

The Supreme Court also properly dismissed so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.3 (c). That section requires the use of tag lines "[w]hile steel panels or structural steel members are being hoisted . . . to prevent uncontrolled movement of such panels or members" (12 NYCRR 23-2.3 [c]). The defendants established, prima facie, that this section is inapplicable to the facts of this case. In opposition, the plaintiff failed to raise a triable issue of fact. Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.