NYRELL JOYNER-PACK et al., Respondents, v JOSEPH SYKES, et al., Appellants, et al., Defendant. [864 NYS2d 447]—

In an action, inter alia, to recover damages for medical malpractice, etc., (1) the defendant Joseph Sykes appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated July 27, 2007, as denied

that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) the defendants Diana Weaver and Gloria Valencia appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Diana Weaver and Gloria Valencia which was for summary judgment dismissing the complaint insofar as asserted against Gloria Valencia, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff was born with a rare and serious condition known as tracheobronchial malacia, where the trachea and bronchi are either underdeveloped or nonexistent and hamper the respiration process by narrowing on exhalation. Following a series of episodes in which the oxygen level in his blood and heart rate dropped precipitously, the infant plaintiff suffered cardiac arrest in the course of being sedated for a diagnostic imaging procedure and, as a result, sustained injuries.

The infant plaintiff and his mother commenced this action against, among others, the defendants Joseph Sykes, Diana Weaver, and Gloria Valencia (hereinafter collectively the defendants). The plaintiffs alleged that the defendants' negligence was the cause of the infant plaintiff's cardiac arrest and his resulting injuries. The defendant Joseph Sykes, the pediatric "intensivist" responsible for the infant plaintiff's treatment in the pediatric intensive care unit, who directed the team response when the infant plaintiff suffered cardiac arrest, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him at the close of discovery. The defendants Diana Weaver, a consulting pediatric pulmonologist, and Gloria Valencia, a neonatologist who assisted in the team response, moved for summary judgment dismissing the complaint insofar as asserted against them approximately two months later.

Contrary to the plaintiffs' contention, the Supreme Court properly exercised its discretion in considering the belated motion of the defendants Diana Weaver and Gloria Valencia for summary judgment. Sykes's timely-filed motion for summary judgment was still pending and "made on nearly identical grounds" (*Grande v Peteroy*, 39 AD3d 590, 592 [2007]; *see Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540, 542 [2002]).

The defendants established, prima facie, their entitlement to summary judgment based on their affidavits which were detailed, specific, and factual in nature indicating that their treatment of the infant plaintiff did not depart from good and accepted medical practice (cf. *Thomas v Richie*, 8 AD3d 363, 364 [2004]; *Suib v Keller*, 6 AD3d 805, 806 [2004]; *Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001]). In opposition, the plaintiffs submitted the expert opinion of Stuart J. Danoff, the chief of neonatal medicine at the pediatrics department in a Connecticut hospital since 1984, who concluded, inter alia, that the failure to postpone the imaging procedure until the infant plaintiff had stabilized constituted a departure from good and accepted medical practice.

The plaintiffs' expert was qualified to render an opinion regarding the defendants' alleged departures from good and accepted medical practice (cf. *Bodensiek v Schwartz*, 292 AD2d 411 [2002]). While his opinion regarding the alleged negligence of Sykes and Weaver raised triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 798, 799 [2008]; *Bengston v Wang*, 41 AD3d 625 [2007]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]; cf. *Wiands v Albany Med. Ctr.*, 29 AD3d 982 [2006]), Danoff's contention that Valencia departed from good and accepted medical practice was not supported by the evidence and was speculative (*see Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710 [2007]; *Micciola v Sacchi*, 36 AD3d 869, 871 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Sheridan v Bieniewicz*, 7 AD3d 508, 509 [2004]).

The defendants' remaining contention is without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32499(U).]