■ STATE FARM INSURANCE COMPANY, as Subrogee of JAMES REIHER and Another, Appellant, v J.P. SPANO CONSTRUCTION, INC., Also Known as J.P. SPANO & Co., INC., et al., Respondents. [865 NYS2d 678]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insureds, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered February 2, 2007, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the defendants were not required to plead the waiver-of-subrogation clause as an affirmative defense. The plaintiff's complaint was based, in part, on the very contract in which the waiver-of-subrogation clause appeared; the plaintiff cannot claim to be surprised that the defendants would use it as a defense (*see* CPLR 3018 [b]; *Bello v Transit Auth. of N.Y. City,* 12 AD3d 58, 61 [2004]; *Carlson v Travelers Ins. Co.,* 35 AD2d 351, 353-354 [1970]).

Subrogation is an equitable doctrine that allows an insurer to " 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294 [1993]; *see Dillion v Parade Mgt. Corp.,* 268 AD2d 554, 555 [2000]). While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which "reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance" (*Liberty Mut. Ins. Co. v Perfect Knowledge,* 299 AD2d 524, 526 [2002]), are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear (*see Kaf-Kaf, Inc. v Rodless Decorations,* 90 NY2d 654, 660 [1997]). Where a party has waived its right to subrogation, its insurer has no cause of action (*id.*).

By the subject waiver-of-subrogation clause, the plaintiff's insureds and the defendant J.P. Spano Construction, Inc., also known as J.P. Spano & Co., Inc., waived subrogation for all claims "for damages caused by fire or other causes of loss *to the extent covered by property insurance obtained*" (emphasis added). Additionally, the policy of insurance issued by the plaintiff to its insureds "acknowledged the right of the insured[s] to waive the insurer's subrogation rights" (*id.* at 661). Thus, the Supreme Court properly determined that this clause bars recovery in the instant action (*see Mu Ch. of Sigma Pi Fraternity of U.S. v Northeast Constr. Servs.,* 273 AD2d 579, 581-582 [2000]).

In view of the foregoing, we do not address the parties' remaining contentions. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.