■ VALERIE IANELLO et al., Respondents, v THOMAS J. O'CONNOR et al., Appellants, and MATTHEW J. CARUSO et al., Respondents, et al., Defendants. (And a Third Party Action.) [871 NYS2d 667]—

In an action to recover damages for personal injuries, etc., the defendants Thomas J. O'Connor and Bloomberg LP appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered November 1, 2007, as denied, as untimely, their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

Valerie Ianello (hereinafter the plaintiff) alleges that she was injured when the car in which she was a passenger was involved in a multi-vehicle accident. She was traveling in a car driven by the defendant Matthew Caruso, which was the third vehicle in this four-vehicle accident. The driver of the second car, the defendant Mary Jacques, brought her car to a complete stop behind the lead vehicle, driven by the defendant Thomas J. O'Connor, and owned by the defendant Bloomberg LP (hereinafter together the appellants) before Caruso's vehicle rear-ended her. Thereafter, Caruso's car was hit by the fourth vehicle, a truck driven by the defendant Pablo Sandoval. That collision caused the Caruso vehicle to push Jacques' car into O'Connor's car, and Caruso's car was pushed underneath Jacques' car.

Jacques timely moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The appellants served a notice of motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them four days past the 60-day deadline set by the court, and subsequently served an amended notice of cross motion for the same relief three days later. Both moving parties argued that, since Jacques' vehicle had come to a full stop before being hit by Caruso's vehicle, neither Jacques' vehicle nor O'Connor's actions were the proximate cause of the plaintiff's injuries. The Supreme Court granted Jacques' motion, but denied the appellants' motion as untimely.

Upon a showing of good cause, the Supreme Court is authorized to extend a court-ordered deadline for making a summary judgment motion (see CPLR 2004). Here, since the grounds for

summary judgment advanced by the appellants were nearly identical to those advanced in Jacques' pending summary judgment motion, the requisite good cause for the belated motion was established (*see* CPLR 2004; *Joyner-Pack v Sykes*, 54 AD3d 727 [2008]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]; *Grande v Peteroy*, 39 AD3d 590, 591 [2007]). Accordingly, under the circumstances of this case, it was an improvident exercise of discretion to refuse to consider the appellants' motion for summary judgment on the merits (*see* CPLR 2004; *Joyner-Pack v Sykes*, 54 AD3d 727 [2008]).

The appellants established their prima facie entitlement to judgment as a matter of law based on evidence that Jacques' vehicle was able to come to a gradual and complete stop several feet behind their vehicle before her vehicle was struck by Caruso's vehicle. Jacques testified that all of the traffic in front of her, including O'Connor's car, was stopped and she had been stopped for five seconds before her vehicle was struck in the rear. Therefore, O'Connor's actions were not a proximate cause of the collisions which allegedly caused the plaintiff's injuries (*see Hyeon Hee Park v Hi Taek Kim*, 37 AD3d 416 [2007]; *Calabrese v Kennedy*, 28 AD3d 505 [2006]; *cf. Tutrani v County of Suffolk*, 10 NY3d 906 [2008]). In opposition, the plaintiffs failed to offer evidence sufficient to raise a triable issue of fact. Consequently, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Skelos, J.P., Ritter, Carni and Dickerson, JJ., concur.