■ YOHAN LENNARD, Appellant-Respondent, v FAZAL KHAN et al., Respondents, and KEITH O. PRESCOD, JR., et al., Appellants. [893 NYS2d 572]—

In early 2007 the plaintiff commenced this action to recover damages for personal injuries allegedly sustained as the result of an automobile accident. On November 13, 2008, the Supreme Court issued an order requiring the plaintiff to undergo an independent medical examination within 30 days of the order, and extending the time, in effect, to make summary judgment motions to 60 days from the date of the independent medical examination, "but no later than [January 27, 2009] whichever is sooner." The plaintiff's independent medical examination occurred on December 4, 2008, thus requiring submission of any summary judgment motions by January 27, 2009, the earliest of the possible deadlines.

By notice of motion dated January 22, 2009, the defendants Fazal Khan and Ace Towing, LLC (hereinafter the respondents), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The respondents served the plaintiff's counsel with the summary judgment motion on January 23, 2009, and filed the motion with the court on February 11, 2009.

The defendants Keith O. Prescod, Jr., and Desiree Klass separately moved for the same relief. They served the plaintiff's counsel with their motion papers on January 30, 2009, and filed them with the court on March 2, 2009.

In support of their respective motions, the movants established their respective prima facie entitlements to judgment as a matter of law on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff opposed both motions on the ground that they were untimely, but did not address the movants' arguments that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In reply, the respondents argued that their motion was timely under CPLR 2211 because it had been served on the plaintiff's counsel within the time period allotted. In an order dated April 2, 2009, the Supreme Court granted the respondents' motion as timely and since it was unopposed on the merits. The court also denied the separate motion of Prescod and Klass as untimely. These appeals ensued.

"A motion on notice is made when a notice of the motion or

an order to show cause is served" (CPLR 2211; *see Rivera v Glen Oaks Vil. Owners, Inc.,* 29 AD3d 560, 561 [2006]). Given that the respondents' motion was served on the plaintiff's counsel by mail on January 23, 2009, four days before the January 27, 2009, deadline, the Supreme Court correctly concluded that the respondents' motion was timely.

Where one party makes a timely summary judgment motion, the court may properly consider an untimely summary judgment motion, provided the late motion is based on "nearly identical" grounds as the timely motion (*Perfito v Einhorn,* 62 AD3d 846, 847 [2009] [internal quotation marks omitted]; *see Step-Murphy, LLC v B&B Bros. Real Estate Corp.,* 60 AD3d 841, 844-845 [2009]; *Ianello v O'Connor,* 58 AD3d 684 [2009]; *Grande v Peteroy,* 39 AD3d 590, 591-592 [2007]; *Miranda v Devlin,* 260 AD2d 451, 452 [1999]). In effect, the "nearly identical" nature of the grounds supporting both motions serves as good cause sufficient to permit review on the merits of the untimely motion (*Grande v Peteroy,* 39 AD3d at 592). "Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to a nonmoving party" (*see* CPLR 3212 [b]; *Grande v Peteroy,* 39 AD3d at 592).

Since the respondents' motion was already properly before the court, it improvidently exercised its discretion in refusing to consider the separate motion of Prescod and Klass, made on identical grounds, on the ground that the separate motion was untimely made (*see Joyner-Pack v Sykes,* 54 AD3d 727 [2008]; *Grande v Peteroy,* 39 AD3d at 591; *Miranda v Devlin,* 260 AD2d 451 [1999]). Further, since the plaintiff did not challenge the movants' contentions regarding serious injury, the separate motion should have been granted. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.