■ KENNETH WHITEHEAD et al., Respondents, v CITY OF NEW YORK et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants-Respondents. STEELCO-METROPOLITAN STEEL INDUSTRIES, Third-Party Defendant-Respondent-Appellant. [913 NYS2d 697]—

In an action to recover damages for personal injuries, etc., the defendants/third-party plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 17, 2009, as denied, as untimely, that branch of their cross motion which was for summary judgment on the third-party causes of action for common-law indemnification, and (2), from an order of the same court dated October 26, 2009, which granted the plaintiffs' motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and, in effect, denied, as untimely, that branch of their cross motion in which the third-party defendant joined, which was for summary judgment dismissing that cause of action, and the third-party defendant separately appeals from the order dated October 26, 2009.

Ordered that the order dated September 17, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 26, 2009, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the plaintiffs' motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) is denied, and that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment dismissing that cause of action is granted.

The injured plaintiff, an ironworker employed by nonparty Midlantic Steel Erectors, allegedly was injured at a construction site when a load of steel tubes that had just been hoisted by a crane and put down on the eighth floor of a structure began to

roll out while the bindings on the load were being removed. The injured plaintiff, who was working on the eighth floor next to the load of steel, tried to run away; however, he slipped on a puddle of water. The injured plaintiff was struck in his right knee by two steel tubes. The injured plaintiff and his wife, derivatively, thereafter commenced this action against the owner of the site and the general contractor, respectively, alleging violations of Labor Law § 240 (1), § 241 (6) and § 200, as well as common-law negligence. The defendants/third-party plaintiffs then impleaded the third-party defendant, Steelco-Metropolitan Steel Industries, the steel construction subcontractor that had hired the injured plaintiff's employer to erect the steel at the site, alleging causes of action to recover damages for contribution and for contractual and common-law indemnification.

Following the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. By notice of motion dated 17 days after the deadline for making summary judgment motions, the defendants/third-party plaintiffs cross-moved for summary judgment dismissing the Labor Law § 240 (1) cause of action and on their third-party common-law indemnification causes of action. In an order dated September 17, 2009, the Supreme Court denied that branch of the cross motion which was for summary judgment on the third-party common-law indemnification causes of action as untimely. In an order dated October 26, 2009, the Supreme Court, in effect, denied that branch of the cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action as untimely and granted the plaintiffs' motion, determining that the injured plaintiff was engaged in the type of elevation-related risk contemplated by the statute.

The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action because the injured plaintiff was not subject to an elevation-related hazard for which the protective devices enumerated in Labor Law § 240 (1) are required. Under the undisputed facts, the load of steel was "not elevated above the work site, but rather was at the same level as the [injured] plaintiff" (*Cruz v Neil Hospitality, LLC*, 50 AD3d 619, 620 [2008]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 270 [2001]; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911-912 [1998]; *Ramos v Champion Combustion, Inc.*, 12 AD3d 227 [2004]; *Jacome v State of New York*, 266 AD2d 345 [1999]). "[The injured plaintiff] in this case was exposed to the usual and ordinary dangers of a construction site, and not

the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]; *see Jacome v State of New York*, 266 AD2d at 347). Accordingly, the Supreme Court erred in granting the plaintiffs' motion.

Although that branch of the cross motion of the defendants/ third-party plaintiffs which was for summary judgment dismissing the Labor Law § 240 (1) cause of action was not timely made, "an untimely motion or cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds" (*Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *see Lennard v Khan*, 69 AD3d 812 [2010]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]; *Boehme v A.P.P.L.E. A Progran Planned For Life Enrichment*, 298 AD2d 540 [2002]). "Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to a nonmoving party" (*Grande v Peteroy*, 39 AD3d at 592). The Supreme Court should therefore have entertained that branch of the cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and, upon addressing the merits of that branch of the cross motion, should have granted it. The defendants/third-party plaintiffs established their prima facie entitlement to judgment as a matter of law demonstrating that the injured plaintiff was not subject to an elevation-related hazard for which the protective devices enumerated in Labor Law § 240 (1) are required (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268-270; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d at 910; *Garcia v Edgewater Dev. Co.*, 61 AD3d 924 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the steel members fell from an elevated level to bring the accident within the purview of Labor Law § 240 (1) (*see Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d at 843; *Cruz v Neil Hospitality, LLC*, 50 AD3d at 620).

The Supreme Court's search of the record is limited to those causes of action or issues that are the subject of the timely motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]), and the defendants/third-party plaintiffs offered no excuse to the Supreme Court for their delay in filing that branch of the cross motion which was for summary judgment on the third-party cause of action for common-law indemnification, which was not made on "nearly identical grounds" as the timely motion (*Grande v Peteroy*, 39 AD3d at 592). Therefore, the Supreme Court providently exercised its discretion in denying,

as untimely, that branch of the cross motion. The defendants/third-party plaintiffs now assert that good cause existed based upon the plaintiffs' failure to serve the note of issue upon substitute counsel. However, this argument is improperly raised for the first time on appeal (*see Birch Hill Farm v Reed*, 272 AD2d 282 [2000]). An appellate court should not, and will not, consider different theories or new questions, if the opposing party might have offered proof to refute or overcome them had those theories or questions been presented in the court of first instance (*see Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.