■ LISA RILEY et al., Respondents, v SEGAN, NEMEROV & SINGER, P.C., et al., Appellants. [918 NYS2d 488]—

Supreme Court denied defendants' motion based on its finding that the moving papers were deficient because a March 7, 2005 letter referenced therein was not attached. We find that Supreme Court should have considered the motion on the merits because it is clear that defendants mistakenly failed to attach the letter to their moving papers but corrected their mistake by including it on reply. Plaintiffs were not prejudiced in any way because they actually received the letter as an exhibit with their copy of the moving papers and so were able to address the letter in their opposition (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 381-382 [2006]).

On the merits, the motion should be granted. By letter dated August 25, 2004, defendants unequivocally informed plaintiffs that they would not proceed with plaintiffs' case, thereby severing the attorney-client relationship. Given defendants' advice that they would not proceed with the action, the continuous representation doctrine ceased to be applicable and the toll of

the statute of limitations came to an end (*see McCoy v Feinman*, 99 NY2d 295, 306 [2002]). Because the action was commenced more than three years after plaintiffs' receipt of the August 25, 2004 letter, it is time-barred (*see* CPLR 214 [6]). Concur—Friedman, J.P., Catterson, Renwick and DeGrasse, JJ.