■ Animesh Das, Respondent, v Sun Wah Restaurant, Respondent-Appellant, and George Gus Livanos, Appellant-Respondent. [952 NYS2d 232]—

The plaintiff allegedly tripped and fell on a crack in a public sidewalk abutting the property owned by the nonparty LPA Management Co. (hereinafter LPA) and leased to the defendant Sun Wah Restaurant (hereinafter Sun Wah). The plaintiff subsequently commenced this action against Sun Wah and George Gus Livanos, one of LPA's shareholders.

After issue was joined and discovery commenced, the parties stipulated that motions for summary judgment would be made returnable no later than May 19, 2010. Thereafter, Sun Wah timely moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Livanos timely moved for summary judgment on his cross claim against Sun Wah for contractual indemnification. Subsequently, Livanos separately cross-moved for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court denied Sun Wah's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Livanos's motion for summary judgment on his cross claim. Moreover, the Supreme Court denied, as untimely, Livanos's cross motion. Livanos appeals, and Sun Wah cross-appeals.

"Property owners (and tenants) may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2011];

*see Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 983 [2011]). "Generally, whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law" (*Milewski v Washington Mut., Inc.*, 88 AD3d at 855; *see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Defects do not have to be of a certain minimum height or depth to be actionable (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 633 [2012]; *Milewski v Washington Mut., Inc.*, 88 AD3d at 856). Instead, courts are to examine all of the facts, including the measurements and appearance of the defect, "along with the 'time, place and circumstance[s]' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Milewski v Washington Mut., Inc.*, 88 AD3d at 855-856; *see also Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d at 633). Photographs of a defect which fairly and accurately reflect how it appeared on the date of the accident may be used to demonstrate whether it is trivial (*see Schenpanski v Promise Deli, Inc.*, 88 AD3d at 984).

Here, Sun Wah met its burden of establishing its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. Sun Wah submitted the plaintiff's deposition testimony and a photograph shown to the plaintiff during the plaintiff's deposition, which, according to the plaintiff's deposition testimony, depicted the defect which allegedly caused his fall. By these submissions, Sun Wah demonstrated, as a matter of law, that the defect, which did not have the characteristics of a trap or nuisance, was trivial and, therefore, not actionable (*see Sawicki v Conklin Realty Co., LLC*, 94 AD3d 1083, 1083 [2012]; *Schenpanski v Promise Deli, Inc.*, 88 AD3d at 984; *Koznesoff v First Hous. Co., Inc.*, 74 AD3d 1027, 1028 [2010]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677, 677-678 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Koznesoff v First Hous. Co., Inc.*, 74 AD3d at 1028; *Rosello v City of New York*, 62 AD3d 980, 981 [2009]).

Moreover, the Supreme Court should have considered that branch of Livanos's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him even though it was filed almost a month after the deadline set by the parties' stipulation, which was so-ordered by the Supreme Court. "[A] court may properly consider an untimely summary judgment motion, provided the late motion is based on nearly identical grounds as [a] timely motion" (*Lennard v Khan*, 69 AD3d 812, 814 [2010], quoting *Perfito v Einhorn*, 62 AD3d 846,

847 [2009] [internal quotations marks omitted]; *see Ianello v O'Connor*, 58 AD3d 684, 685-686 [2009]; *Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]). "Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to [the] nonmoving party" (*Lennard v Khan*, 69 AD3d at 814 [internal quotations marks omitted]; *see* CPLR 3212 [b]). Since Sun Wah's motion was properly before the Supreme Court, the court improvidently exercised its discretion in refusing to consider that branch of Livanos's cross motion, made on nearly identical grounds, on the basis that Livanos did not timely move (*see Lennard v Khan*, 69 AD3d at 814; *Ianello v O'Connor*, 58 AD3d at 686). Further, given that, as a matter of law, the defect was trivial and not actionable, that branch of Livanos's cross motion should have been granted.

In light of our determination, the parties' remaining contentions have been rendered academic. Eng, P.J., Angiolillo, Lott and Austin, JJ., concur.