■ Travelers Indemnity Company, Appellant, v AA Kitchen Cabinet & Stone Supply, Inc., Respondent, et al., Defendant. [964 NYS2d 634]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 29, 2011, as granted the cross motion of the defendant AA Kitchen Cabinet & Stone Supply, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

As an initial matter, the Supreme Court properly considered the merits of the cross motion for summary judgment by the de-

fendant AA Kitchen Cabinet & Stone Supply, Inc. (hereinafter AA Kitchen). Although the cross motion was untimely, the court may consider an untimely cross motion for summary judgment where, as here, a timely motion for summary judgment was made on nearly identical grounds (*see McCallister v 200 Park, L.P.*, 92 AD3d 927, 928 [2012]; *Lennard v Khan*, 69 AD3d 812, 814 [2010]; *Grande v Peteroy*, 39 AD3d 590, 592 [2007]).

Turning to the merits, "[s]ubrogation is an equitable doctrine that allows an insurer to ' "stand in the shoes" of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insured is bound to reimburse' " (*State Farm Ins. Co. v J.P. Spano Constr., Inc.*, 55 AD3d 824, 825 [2008], quoting *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). Waiver of subrogation provisions reflect the parties' allocation of the risk of liability "whereby liability is shifted to the insurance carriers of the parties to the agreement" (*Liberty Mut. Ins. Co. v Perfect Knowledge*, 299 AD2d 524, 526 [2002]). "While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]). Here, AA Kitchen demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff's claims were barred by the waiver of subrogation clause in AA Kitchen's lease with the plaintiff's insured (*see id.* at 660-661; *State Farm Ins. Co. v J.P. Spano Constr., Inc.*, 55 AD3d 824, 825 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted AA Kitchen's cross motion for summary judgment. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.