Amended order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 20, 2012, which, to the extent appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the assigned subrogated claim, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 3, 2012, unanimously dismissed, without costs, as superseded by the appeal from the order entered December 20, 2012. Order, same court and Justice, entered December 14, 2012, which, to the extent appealable, denied plaintiffs motion for renewal, unanimously affirmed, without costs.
The motion court’s understanding of the unambiguous waiver of subrogation clause comported with the rule strictly construing such waivers (see State Farm Ins. Co. v J.P. Spano Constr., Inc., 55 AD3d 824 [2d Dept 2008]). The court correctly interpreted plaintiffs insurance policy (see Federal Ins. Co. v International Bus. Machs. Corp., 18 NY3d 642, 646 [2012]) by applying the clause to the claims of damage to plaintiffs cooperative apartment, despite the clause’s reference to “condominiums.” The policy, under which the insurer had paid plaintiff nearly $1.5 million, refers to plaintiffs premises as a condominium and states that the coverage is for condominiums, and the clause’s reference to “corporation” can only refer to a cooperative corporation. As the assignee of the subrogated claims, plaintiff is in no better position than her assignor (see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011]).
The court properly considered defendants’ reply quoting the *507 clause, since plaintiff availed herself of the opportunity to respond to the submission (see Riley v Segan, Nemerov & Singer, P.C., 82 AD3d 572 [1st Dept 2011]). The lack of ambiguity in the clause rendered inadmissible plaintiffs averment in support of her renewal motion. In view of the foregoing, it is unnecessary to address the additional ground urged for affirmance.
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.