Munoz v Salcedo (2019 NY Slip Op 01607)





Munoz v Salcedo


2019 NY Slip Op 01607


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09079
 (Index No. 3838/14)

[*1]Francis D. Munoz, appellant,
v
Alexis R. Salcedo, et al., respondents.


Lester B. Herzog, Brooklyn, NY, for appellant.
Martin Fallon & Mullé, Huntington, NY (Richard C. Mullé of counsel), for respondents Alexis R. Salcedo and Luis A. Salcedo.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Pradip D. Naik, Yakov Shchiglik, and Radas Management Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 15, 2016. The order granted the motion of the defendants Alexis R. Salcedo and Luis A. Salcedo, and the separate motion of the defendants Pradip D. Naik, Yakov Shchiglik, and Radas Management Corp., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On March 17, 2011, the plaintiff was a passenger in a vehicle driven by the defendant Pradip D. Naik, and owned by the defendants Yakov Shchiglik and Radas Management Corp. (hereinafter collectively the Radas defendants). That vehicle collided with a vehicle driven by the defendant Alexis R. Salcedo, and owned by the defendant Luis A. Salcedo (hereinafter together the Salcedo defendants). The plaintiff commenced this action to recover damages for his injuries on March 10, 2014. In the bill of particulars, the plaintiff alleged injuries to, inter alia, the lumbar region of his spine.
On February 8, 2016, the Salcedo defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support, they submitted the affirmed report of an orthopedic surgeon, who examined the plaintiff on June 15, 2015. The orthopedic surgeon measured the range of motion of the plaintiff's thoracolumbar spine, using a goniometer, and compared the results to what would be [*2]considered normal range of motion. He found the plaintiff to have full range of motion. The Salcedo defendants also submitted the affirmed report of a radiologist who reviewed an MRI film of the plaintiff's lumbar spine taken approximately two weeks after the accident. The radiologist's report noted evidence of degenerative disc disease, but did not rule out trauma as the cause of any injury to the plaintiff's lumbar spine.
The Radas defendants separately moved for summary judgment on the issue of serious injury on February 23, 2016—one day after such a motion was due. Their counsel stated in an affirmation that this was due to an administrative error, and noted that the Salcedo defendants' motion for summary judgment on the same issue was already pending before the court. In support of their motion, the Radas defendants submitted the affirmed report of another orthopedic surgeon, who examined the plaintiff on October 15, 2015. The second orthopedic surgeon measured the range of motion of the plaintiff's lumbar spine, using a goniometer, and compared the results to what would be considered normal range of motion. He found the results to be normal.
In opposition, the plaintiff submitted the affirmed report of a neurologist who examined the plaintiff on March 2, 2015. The neurologist measured the range of motion of the plaintiff's lumbar spine, using a goniometer, and compared the results to what would be considered normal range of motion. He found that the plaintiff had a 33% restriction in lumbar flexion.
The Supreme Court granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the one-day-late motion of the Radas defendants. "[A]n untimely motion or cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds" (Whitehead v City of New York, 79 AD3d 858, 860 [internal quotation marks omitted]; see Lennad v Khan, 69 AD3d 812, 814).
Turning to the merits, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether he sustained serious injuries to the lumbar region of his spine (see Perl v Meher, 18 NY3d 208, 218-219). Thus, the Supreme Court should have denied the defendants' separate motions for summary judgment.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court