Schwenger v Weitz, Kleinick & Weitz, LLP (2021 NY Slip Op 01869)





Schwenger v Weitz, Kleinick & Weitz, LLP


2021 NY Slip Op 01869


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 159856/18 Appeal No. 13418 Case No. 2020-01077 

[*1]Paul Schwenger, Plaintiff-Appellant,
v
Weitz, Kleinick & Weitz, LLP, et al., Defendants, Brian Mittman et al., Defendants-Respondents.


Law Offices of Susan C. Warnock, New York (Susan C. Warnock of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York (Joseph Salvo of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered September 4, 2019, which granted the motion of defendants Brian Mittman and Markhoff & Mittman P.C. to dismiss the action as against them based on the statute of limitations, unanimously reversed, on the law, without costs, and the motion denied.
Where, as here, defendants were retained in writing to represent plaintiff in all proceedings before the Workers' Compensation Board related to his claim, plaintiff made a sufficient showing of a continuing relationship with regard to that proceeding to support his contention of continuous representation (Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]). Defendants' statement in an email that they would not pursue an appeal to the Third Department after having lost before the Workers' Compensation appellate panel on the issue of whether plaintiff was an employee, did not "unequivocally" terminate the representation in the workers' compensation matter, which remained pending following the administrative review (Riley v Segan, Nemerov & Singer, P.C., 82 AD3d 572, 572 [1st Dept 2011]). This is particularly true in light of the terms of the retainer agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021