**Estrella v Times Sq. Hotel Owner LLC**

2024 NY Slip Op 34263(U)

November 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 518580/2020

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

KINGS COUNTY CLERK
FILED

2024 DEC -3 A 9:27

At IAS Term, Part 84 of the
Supreme County of the State
Of New York, held in and for
The County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the
26th day of November 2024

HONORABLE CAROLYN E. WADE, JSC
-------------------------------------------------------------------X
ANTHONY ESTRELLA,

                                          Plaintiff,                    **DECISION/ORDER**

              - against -                                              Index No.: 518580/2020

TIMES SQUARE HOTEL OWNER LLC, TIMES                                     MS# 2.3
SQUARE HOTEL OPERATING LESSEE LLC, AND
PAVARINI MCGOVERN LLC,
                                          Defendants.
-------------------------------------------------------------------X

Defendants Times Square Hotel Owner LLC, Times Square Hotel Operating Lessee, LLC, and Pavarini McGovern, LLC move for summary judgment, seeking dismissal of plaintiff's negligence, Labor Law §§ 200, 240(1), and 241(6) causes of action (motion seq. #2). Plaintiff Anthony Estrella cross-moves for partial summary judgment under Labor Law § 241(6), with accompanying violations of the Industrial Code Rules of the State of New York §§ 23-1.5(c)(3) and 23-1.13(b)(3)(4)(8), and for leave, pursuant to CPLR § 3025, to amend his bill of particulars to add subsection (c)(3) to the already claimed § 23-1.5, as they pertain to demolition, construction, renovation, and alteration work in New York (motion seq. #3).

The underlying action was commenced by the plaintiff, Anthony Estrella ("Plaintiff"), who alleges that he was injured while working at the TSX Broadway Project ("the Project") located at 1568 Broadway, New York, New York ("Subject Premises"). At the time of the

1

incident, Plaintiff was watering down concrete dust from a Brokk machine, which was demolishing concrete, and sustained an electrical shock, when he unplugged a rotary fan and began winding the electrical extension cord. Plaintiff was an employee of non-party, Breeze Demolition Corp. ("Breeze"). Defendant, Times Square Hotel Owner LLC is the owner of the Subject Premises, and co-defendant Pavarini McGovern, LLC was the general contractor.

After oral argument, the Court decides as follows:

## Legal Analysis

### Labor Law §200/Common Law Negligence

Claims made under theories of common law negligence and Labor Law § 200 fall under two categories: i) those where the worker is alleged to have been injured due to the means and methods of the work performed; and ii) those where the worker is alleged to have been injured due to a dangerous or defective condition at the job site (*Comes v. New York State Elec. and Gas Corp.*, 82 NY2d 876 [1993]). Here, Plaintiff opposes Defendants' motion solely pursuant to the "dangerous or defective condition" theory.

"When a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (*Abelleira v. City of NY*, 120 AD3d 1163, 1164 [2d Dept 2014] [citations omitted]).

In the instant case, Plaintiff testified at his deposition that the electrical shock "came out of a broken part of the cable" (Estrella's continued EBT, pg. 94). Mirsad Muminovic,

2

the superintendent of Pavarini, testified that his employer hired subcontractors, and that he was responsible for site safety (Muminovic's EBT, pg. 19). Specifically, he would do daily walk throughs to check the progress of the work and for safety purposes. Muminovic indicated that Plaintiff was shocked by a damaged electrical cord (Muminovic's EBT, pg. 19). However, he also testified that he relied on the incident report to reach that conclusion, which did not make reference to a damaged cord (Muminovic's EBT, pg. 57).

Given that Pavarini, as general contractor, had its superintendent oversee site safety and conduct daily walk throughs, this Court finds that there is an issue of material fact as to whether Pavarini had actual or constructive notice of the alleged defective condition under either a theory of common law negligence or Labor Law § 200. Conversely, there is no evidence that that co-defendants Times Square Hotel Owner LLC and Times Square Hotel Operating Lessee LLC either created the allegedly defective condition or had actual or constructive notice of same. As a result, Plaintiff's Labor Law § 200/common law negligence claims are dismissed against Times Square Hotel Owner LLC and Times Square Hotel Operating Lessee LLC.

### Labor Law § 240(1)

Labor Law § 240(1) is implicated only where the plaintiff is able to establish that the accident posed an elevation-related hazard, and that his injuries were a foreseeable consequence of a failure to provide a safety device of the type enumerated by the statute, such as a hoist, stay, hanger, block, pulley, brace, or rope (*Runner v. New York State Exchange, Inc.*, 13 NY3d 599 [2009]). Here, it is undisputed that Plaintiff was neither struck by a falling object nor was he working at a height at the time of his incident. Plaintiff also

3

[* 3]

testified he did not recall falling after the incident. In fact, Plaintiff concedes, in his cross-motion, that he is not opposing Defendants' motion for summary judgment relating to Labor Law § 240(1), *see* NYSCEF Doc. No. 75, p .3, ¶4.

Therefore, Defendants have established that Labor Law § 240(1) is inapplicable to the facts of this matter; and that they are entitled to summary judgment and dismissal of Plaintiff's Labor Law § 240(1) claim.

**Labor Law § 241(6)**

To establish a *prima facie* case of liability under Labor Law § 241(6), a plaintiff must demonstrate a predicate violation of a specific regulation under the New York Industrial Code (*Ross v. Curtis-Palmer Hydro-Electric*, 81 NY2d 494 [1993]). Reliance upon non-specific regulatory provisions that contain generalized standards of care are insufficient to support a Labor Law § 241(6) cause of action. *Id.* (*see also Simmons v. City of New York*, 165 AD3d 725, 729 [2d Dept 2018]). "An owner or contractor may be held liable under Labor Law 241(6) even if it did not have control of the site or notice of the alleged dangerous condition" (*Gonzalez v. City of New York*, 227 AD3d 958, 960 [2d Dept 2024] [citation omitted]). If a plaintiff cannot show that the violation was a proximate cause of the alleged incident, then the defendant is not liable (*Greenwood v. Shearson, Lehman & Hutton*, 238 A.D.2d 311, 312 [2d Dept 1997]).

As a preliminary matter, both Plaintiff and the Defendants move for summary judgment, pursuant to Labor Law § 241(6). Defendants argue that Plaintiff's cross-motion for summary judgment should not be considered, as it is untimely. However, this Court credits Plaintiff's contention that since he seeks relief on similar grounds, his cross-motion is

4

[* 4]

for summary judgment should not be considered, as it is untimely. However, this Court credits Plaintiff's contention that since he seeks relief on similar grounds, his cross-motion is permitted (*Whitehead v. City of New York*, 79 AD3d 858, 858-859 [2d Dept 2010]). Plaintiff additionally seeks to amend the bill of particulars to add subsection (c)(3) to Industrial Code § 23-1.5, which was previously pled. Plaintiff is hereby granted leave as the inclusion of this subsection does not prejudice Defendants (see *Kelleir v. Supreme Industrial Park, LLC*, 293 AD2d 513 [2d Dept 2002] ["The Supreme Court properly considered the plaintiff's allegation of [an Industrial Code] violation which was raised for the first time in opposition to the defendant's motion for summary judgment"]). "A failure to identify the Code provision in the complaint or bill of particulars is not fatal to such a claim" *Id.* at 514.

In support of his Labor Law § 241(6) claim, Plaintiff submits an affidavit from her expert, James M. Orosz, an electrical engineer, who opines, *inter alia*, that, "The extension cord had electrical current that could only deliver an electrical shock by virtue of its not having proper insulation" (paragraph 13 of affidavit). On the other hand, Defendants' expert, Charles Temple, a professional engineer, noted that Mr. Orosz neither inspected the subject job site nor the electrical cord. Mr. Temple added that applying water in areas where demolition is being performed, for the purpose of dust abatement, is common industry practice, and is not a violation of industry standards or evidence of negligence.

Given the conflicting expert opinions, this Court finds that there are triable issues of material fact as to whether the Defendants violated Industrial Codes §§ 23-1.5(c)(3) (maintenance and removal of unsafe devices and equipment) and 23-1.13(b)(3)(4)(8)

5

(defective insulation, etc.), pursuant to Labor Law § 241(6). Any remaining industrial codes are hereby dismissed.

Accordingly, based upon the above, Defendants' Motion for Summary Judgment (Mot. Seq. #2) is **granted to extent** that the Labor Law § 200/common law negligence claims are dismissed against Times Square Hotel Owner LLC and Times Square Hotel Operating Lessee LLC. Defendants request for the dismissal of the Labor Law § 200/common law negligence claims against defendant Pavarini McGovern, LLC is **denied**. The Labor Law § 240(1) claim is **dismissed** against all of the defendants. A triable issue of fact **remains** as to whether Labor Law § 241(6), as it pertains to Industrial Codes §§ 23-1.5(c)(3) and 23-1.13(b)(3)(4)(8), were violated by the Defendants. All remaining industrial codes are hereby **dismissed**.

Plaintiff's Cross-Motion for Partial Summary Judgment (seq. #3) is **granted to the extent** that there is an issue of fact as to whether Defendants violated Labor Law § 241(6), as it pertains to Industrial Codes §§ 23-1.5(c)(3) and 23-1.13(b)(3)(4)(8). The branch of Plaintiff's Motion to Amend the Bill of Particulars is hereby **granted**.

All remaining contentions have been evaluated, and are now rendered meritless and/or moot.

This constitutes the Decision and Order of the court.

ENTER:

Hon. Carolyn E. Wade, JSC
HON. CAROLYN E. WADE
JUSTICE OF THE SUPREME COURT

2024 DEC -3 A 9:27
KINGS COUNTY CLERK FILED

[* 6]