■ MARYLAND CASUALTY COMPANY, Respondent-Appellant, v NATIONWIDE INSURANCE COMPANY, Appellant-Respondent. [692 NYS2d 154] —In an action, *inter alia,* for a judgment declaring that the plaintiff paid more than its proportionate share of primary coverage in settling an underlying action entitled *Roselli v Adanis Renovation Co.,* commenced in Supreme Court, Bronx County, and that the defendant is obligated to share in the cost of settling the underlying action, (1) the defendant appeals and the plaintiff cross-appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated February 24, 1998, which upon reargument, adhered to a decision of the same court dated June 20, 1997, and (2) the defendant appeals from a judgment of the same court, entered March 6, 1998, which declared that the plaintiff paid more than its proportionate share of primary coverage in settling the underlying action and that the defendant is obligated to share in the cost of settling the underlying action.

Ordered that the appeal and cross appeal from the order are dismissed, as no appeal or cross appeal lies from an order made upon reargument of a decision (*see, Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the judgment entered March 6, 1998, is reversed, on the law, and it is declared that the defendant is not

obligated to share in the cost of settling the underlying action; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff, Maryland Casualty Company (hereinafter Maryland Casualty), entered into a settlement in an action to recover damages for personal injuries entitled *Roselli v Adanis Renovation Co.,* commenced in Supreme Court, Bronx County. Maryland Casualty is seeking, *inter alia,* a judgment declaring that it paid more than its proportionate share in settling the underlying action and that the defendant, Nationwide Mutual Insurance Company (hereinafter Nationwide), is obligated to share in that payment.

The court in the underlying action found that a joint venture known as Adanis Renovation Company & Kappa Renovation Corporation, and Adanis Construction Corporation, were jointly and severally liable for the accident that caused the injuries to the plaintiff in that action. At the time of the accident, Nationwide had in effect an insurance policy covering Kappa Renovation Corporation in its individual capacity. Maryland Casualty insured the joint venture through a primary general liability policy and through an excess policy. Kappa Renovation Corporation was an additional insured under both of these policies. Contrary to Maryland Casualty's claims, Nationwide is not estopped from denying insurance coverage or disclaiming liability on the basis that it failed to give its insured written notice of the disclaimer as soon as was reasonably possible pursuant to Insurance Law § 3420 (d). This statutory provision does not require notice where, as here, there never was any insurance in effect covering the party responsible for the underlying accident (*see, Zappone v Home Ins. Corp.,* 55 NY2d 131; *Massachusetts Bay Ins. Co. v National Sur. Corp.,* 215 AD2d 456).

Furthermore, pursuant to the antisubrogation rule, Maryland Casualty cannot recover from its additional insured, Kappa Renovation Corporation, through its own insurer, Nationwide, for its liability, if any, in connection with the underlying action (*see, Jefferson Ins. Co. v Travelers Indem. Co.,* 92 NY2d 363; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 235 AD2d 523). Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.