■ INSURANCE COMPANY OF EVANSTON, Appellant, v MID-HUDSON CO-OPERATIVE INSURANCE CO., Respondent. [706 NYS2d 457] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to share in the defense and/or indemnification of its named insureds, Fred and Dorothy Malizia, in an action entitled *McGrath v Papacharalambous,* pending in the Supreme Court, Sullivan County, under Index No. 1920-97, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 30, 1999, as, in effect, denied its motion for summary judgment.

Ordered that the order is modified by deleting the provision thereof, in effect, denying the defendant's cross motion for summary judgment, and adding thereto a provision, upon searching the record, granting the defendant's cross motion for summary judgment; as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant has no obligation to share in the defense and/or indemnification of Fred and Dorothy Malizia in the action entitled *McGrath v Papacharalambous,* pending in the Supreme Court, Sullivan County, under Index No. 1920-97.

Fred and Dorothy Malizia leased their property to Cindy Papacharalambous for use as a daycare center. The plaintiff issued a commercial liability policy to Papacharalambous which named the Malizias as "additional insureds". In 1994 Christopher McGrath, one of the children under the care of Papacharalambous at the daycare center, was injured, and he subsequently commenced a personal injury action against Papacharalambous and the Malizias. The plaintiff commenced this declaratory judgment action against the defendant, the Malizias' insurance carrier, seeking a declaration that it had a duty to share in the defense and indemnification of the Malizias. After the plaintiff settled the underlying personal injury action on behalf of Papacharalambous and the Malizias, it moved for summary judgment in this action, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion.

Contrary to the plaintiff's contentions, the Supreme Court correctly denied its motion. It is well settled that "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468). Here, pursuant to the antisubrogation rule, the plaintiff cannot recover from its additional insureds through their insurer for their liability, if any, in connection with the underlying action (*see, Maryland Cas. Co. v Nationwide Ins. Co.,* 262 AD2d 458; *National Union Fire Ins. Co. v State Ins. Fund,* 213 AD2d 164).

On review of the denial of the plaintiff's motion for summary judgment, this Court is empowered to search the record and may, if warranted, grant summary judgment to the defendant (*see,* CPLR 3212 [b]; *Peoples Sav. Bank v County Dollar Corp.,* 43 AD2d 327, *affd* 35 NY2d 836). Accordingly, for the reasons set forth above, the defendant is granted summary judgment dismissing the complaint and the matter is remitted for the entry of judgment in accordance herewith (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The parties' remaining contentions are without merit. Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.