JOHN ROMANO, Plaintiff, v WHITEHALL PROPERTIES, LLC, et al., Appellants. TRAVELERS INDEMNITY INSURANCE COMPANY OF AMERICA, Respondent. [873 NYS2d 745]—

In an action to recover damages for personal injuries, the defendants Whitehall Properties, LLC, and Kreisler Borg Florman General Construction Co., Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated November 19, 2007, as denied that branch of their motion which was to extinguish the workers' compensation lien asserted by the additional defendant Travelers Indemnity Insurance Company of America.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 16, 2000 the plaintiff, an employee of nonparty Sorbara Construction Company (hereinafter Sorbara), was injured while working at a construction site owned by the defendant Whitehall Properties, LLC (hereinafter Whitehall). Thereafter, the plaintiff filed a claim for workers' compensation benefits, which were paid by Sorbara's workers' compensation carrier, Travelers Indemnity Insurance Company of America (hereinafter Travelers). The plaintiff also commenced a negligence action against Whitehall and the general contractor, Kreisler Borg Florman General Construction Co., Inc. (hereinafter Kreisler). Pursuant to a general liability policy, Travelers Indemnity paid the $2,000,000 policy limit in settlement of the negligence action, and Whitehall's excess insurer paid the remainder of the amount due under the settlement.

Contrary to the appellants' contention, the Supreme Court properly determined that Travelers' assertion of a workers' compensation lien against the settlement to which it contributed as the general liability carrier would not violate the anti-

subrogation rule (*see* Workers' Compensation Law § 29 [1]). "Pursuant to the antisubrogation rule, '[a]n insurer . . . has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered' " (*Lodovichetti v Baez*, 31 AD3d 718, 719 [2006], quoting *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). However, since Travelers' obligation to pay workers' compensation benefits to Sorbara's employee did not arise under the general liability policy under which it was defending Whitehall and Kreisler in the negligence action, but rather under a separate policy issued to Sorbara, Travelers was not seeking a right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered (*see Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.*, 61 NY2d 569 [1984]; *McGurran v DiCanio Planned Dev. Corp.*, 216 AD2d 538 [1995]; *cf. North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281 [1993]).

The appellants' remaining contentions are without merit. Mastro, J.P., Florio, Covello and Belen, JJ., concur. [*See* 18 Misc 3d 343 (2007).]