HOMELAND INSURANCE COMPANY OF NEW YORK, Respondent, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. [922 NYS2d 522]—

In an action for a judgment declaring that the defendant is obligated to pay a proportionate share of the defense and settlement costs incurred by the plaintiff in an underlying action entitled *Coon v Olde Post Mall Apartments*, pending in the Supreme Court, Dutchess County, under index No. 234/04, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), entered January 12, 2010, as denied, as untimely, its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the defendant's cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is not obligated to pay a proportionate share of the defense and settlement costs incurred by the plaintiff in the underlying action.

The owner of an apartment complex, Olde Post Mall Apartments (hereinafter Olde Post), entered into a contract with Asset Property Services, Inc. (hereinafter Asset Property), to manage the apartment complex. Pursuant to the contract, Olde Post agreed to indemnify Asset Property against personal injury claims in connection with the property unless the injury was caused by Asset Property's negligence, in which case Asset Property would indemnify Olde Post. Olde Post was also required to

carry liability insurance and include Asset Property as an insured under its policy. Olde Post obtained a liability insurance policy from the plaintiff Homeland Insurance Company of New York (hereinafter Homeland), which provides that Asset Property, as a real estate manager, is an insured under the policy. Asset Property obtained its own liability insurance policy from the defendant National Grange Mutual Insurance Company (hereinafter National Grange).

In August 2004 Vernon Coon commenced a personal injury action against Olde Post and Asset Property alleging that he sustained injuries when he slipped and fell on a wooden ramp while delivering an appliance at the apartment complex. Homeland assigned counsel to represent both Olde Post and Asset Property as its insureds under its policy. National Grange, notified by Asset Property of the claim, communicated with Homeland and assigned counsel, and was assured that Homeland's policy was primary and National Grange's policy was excess. In April 2005, near the completion of discovery in the underlying action, Homeland determined that National Grange was a primary coinsurer of Asset Property and requested National Grange to contribute to the defense and potential settlement on behalf of Asset Property. National Grange refused to contribute as a primary insurer. Homeland then settled the underlying action on behalf of both Olde Post and Asset Property to the limits of its policy and commenced this action seeking a declaration that National Grange is obligated to pay one half of the defense and settlement costs made on behalf of Asset Property. Homeland moved for summary judgment, and National Grange cross-moved for summary judgment. The Supreme Court denied the motion, concluding that Homeland failed to establish its prima facie entitlement to judgment as a matter of law, and denied the cross motion as untimely.

The Supreme Court improvidently exercised its discretion in denying, as untimely, National Grange's cross motion for summary judgment. While the cross motion was made more than 120 days after the note of issue was filed and, therefore, was untimely (*see Brill v City of New York*, 2 NY3d 648 [2004]), "an untimely motion or cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds" (*Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *see Whitehead v City of New York*, 79 AD3d 858, 860 [2010]; *Lennard v Khan*, 69 AD3d 812, 814 [2010]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]). In such circumstances, the issues raised by the untimely cross motion are already properly

before the motion court and, thus, the nearly identical nature of the grounds may provide the requisite good cause (*see* CPLR 3212 [a]) to review the merits of the untimely cross motion (*see Grande v Peteroy*, 39 AD3d at 592). Notably, a court, in deciding the timely motion, may search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]).

The Supreme Court, therefore, should have entertained National Grange's cross motion for summary judgment and, upon addressing the merits of that cross motion, should have granted it. The antisubrogation rule provides that "[a]n insurer . . . has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471 [1986]; *Romano v Whitehall Props., LLC*, 59 AD3d 697, 698 [2009]). "Public policy requires this exception to the general rule [of subrogation] both to prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 294-295).

Here, National Grange established its entitlement to judgment as a matter of law by demonstrating that the policies underlying the antisubrogation rule are implicated by Homeland's handling of the defense of its insureds in the underlying action. Homeland fashioned the litigation to favor its insured, Olde Post, at the expense of its other insured, Asset Property, by not vigorously pursuing a defense on behalf of Asset Property and having the same attorney represent both Olde Post and Asset Property. By doing so, Homeland created a conflict between its interests and the interests of its insured, and attempted to shift the loss of its insured to another insurer, National Grange (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 295-296; *Alinkofsky v Country-Wide Ins. Co.*, 257 AD2d 70, 73-74 [1999]; *National Cas. Co. v State Ins. Fund*, 227 AD2d 115, 116-117 [1996]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 213 AD2d 164, 165-166 [1995]). Accordingly, pursuant to the antisubrogation rule, Homeland cannot recover from its insured, Asset Property, through Asset Property's insurer, National Grange, for any potential liability on the part of Asset Property in connection with the underlying action (*see Insurance Co. of Evanston v Mid-Hudson Co-Op. Ins. Co.*, 271 AD2d 651, 652 [2000]; *Maryland Cas. Co. v Nationwide Ins. Co.*, 262 AD2d 458, 459 [1999];

cf. *National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78, 85-86 [1998], *affd* 93 NY2d 983 [1999]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that National Grange is not obligated to pay a proportionate share of the defense and settlement costs incurred by Homeland in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Covello, Eng and Chambers, JJ., concur.