■ MARIE G. WERNICKI, Appellant, v DENNIS KNIPPER et al., Respondents. [989 NYS2d 318]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, and for declaratory and injunctive relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated August 9, 2013, as, upon reargument, adhered to the original determination in an order of the same court dated January 25, 2013, denying, as untimely, her cross motion for summary judgment declaring that her real property is benefitted by a recorded easement over a certain portion of the defendants' real property, permanently enjoining the defendants from interfering with the plaintiff's use of the easement, and dismissing the defendants' counterclaim.

Ordered that the order dated August 9, 2013, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, upon reargument, the determination in the order dated January 25, 2013, denying, as untimely, the plaintiff's cross motion for summary judgment declaring that her real property is benefitted by a recorded easement over the subject portion of the defendants' real property, permanently enjoining the defendants from interfering with the plaintiff's use of the easement, and dismissing the defendants' counterclaim is vacated, the plaintiff's cross motion for summary judgment is thereupon granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff's real property is benefitted by a recorded easement over the subject portion of the defendants' real property, permanently enjoining the defendants from interfering with the plaintiff's use of the easement, and dismissing the defendants' counterclaim.

The Supreme Court improvidently exercised its discretion in denying, as untimely, the plaintiff's cross motion for summary judgment. While the cross motion was made more than 120 days after the note of issue was filed and, therefore, was facially untimely (see Brill v City of New York, 2 NY3d 648 [2004]), an untimely cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds (see Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co., 84 AD3d 737, 738-739 [2011]; Whitehead v City of New York, 79 AD3d 858, 860 [2010]; Grande v Peteroy, 39 AD3d 590, 591-592 [2007]). "In such circumstances, the issues raised by the untimely cross motion are already properly before the motion court and, thus, the nearly identical nature of the grounds may provide the requisite

good cause (*see* CPLR 3212 [a]) to review the merits of the untimely cross motion. Notably, a court, in deciding the timely motion, may search the record and award summary judgment to a nonmoving party" (*Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co.*, 84 AD3d at 738-739 [citation omitted]; *see* CPLR 3212 [b]). Therefore, the Supreme Court should have entertained the plaintiff's cross motion for summary judgment.

In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address the plaintiff's cross motion on the merits, rather than to remit the matter to the Supreme Court, Suffolk County, to do so (*see Nisimova v Starbucks Corp.*, 108 AD3d 513, 514 [2013]). The plaintiff established her prima facie entitlement to judgment as a matter of law by submitting, inter alia, the relevant deeds demonstrating that she was granted an express easement in a fixed location over the subject portion of the defendants' real property, set forth in metes and bounds (*see Marsh v Hogan*, 56 AD3d 1090, 1092 [2008]; *Rozek v Kuplins*, 266 AD2d 445, 446 [1999]; *cf. Lewis v Young*, 92 NY2d 443 [1998]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment declaring that her property is benefitted by a recorded easement over the subject portion of the defendants' property, permanently enjoining the defendants from interfering with her use of the easement, and dismissing the defendants' related counterclaim.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff's property is benefitted by a recorded easement over the subject portion of the defendants' real property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]), as well as permanently enjoining the defendants from interfering with the plaintiff's use of the easement, and dismissing the defendants' counterclaim. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.