Acosta v Vincenti (2020 NY Slip Op 03882)





Acosta v Vincenti


2020 NY Slip Op 03882


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-05827
 (Index No. 500210/17)

[*1]Ana Acosta, respondent, 
v
Dominick Vincenti, appellant, et al., defendant.


William A. Shilling, Jr., P.C., Carmel NY (Frank J. Smith III of counsel), for appellant.
Hogan & Rossi, Brewster, NY (Scott J. Steiner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a 15.51 foot wide easement over the defendants' property for the purpose of ingress to and egress from the plaintiff's property and for injunctive relief, the defendant Dominick Vincenti appeals from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated March 20, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring that she has a 15.51 foot wide easement over the property of the defendant Dominick Vincenti for the purpose of ingress to and egress from her property and permanently enjoining the defendant Dominick Vincenti from obstructing the easement, and denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dominick Vincenti and, in effect, for declaratory relief.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff has a 15.51 foot wide easement over the property of the defendant Dominick Vincenti for the purpose of ingress to and egress from the plaintiff's property.
The plaintiff's property adjoins that of the defendant Dominick Vincenti (hereinafter the defendant), and is benefitted by an easement across the defendant's property, described in the plaintiff's deed as "for the purpose of ingress and egress," and by its metes and bounds. The plaintiff commenced this action alleging that the defendant was interfering with the easement by narrowing it and seeking, inter alia, a judgment declaring that, consistent with the metes and bounds description in her deed, she has a 15.51 foot wide easement over the defendant's property, and to enjoin the defendant from obstructing it. The plaintiff moved, among other things, for summary judgment on the causes of action seeking declaratory and injunctive relief insofar as asserted against the defendant. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted him and, in effect, for declaratory relief. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the causes of action for declaratory and injunctive relief insofar as asserted against the defendant, and denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him and, in effect, for declaratory relief. The defendant appeals.
Where, as here, a written instrument granting an easement is not ambiguous, "the parties' intent must be found within the four corners of the document and the question is one of law, which may be decided on a motion for summary judgment" (Goodman v CF Galleria at White [*2]Plains, LP, 39 AD3d 588, 589, citing Gora v D.I.D. Acquisition Co., 226 AD2d 425, 426; see 114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC, 178 AD3d 757, 760). Once an easement for ingress and egress is definitively located by grant, its location cannot be changed by either party unilaterally and the servient landowner is not free to unilaterally designate the particular path that may be used for ingress and egress (see Estate Ct., LLC v Schnall, 49 AD3d 1076, 1077). Where, as here, an easement is granted in general terms, without limitation, and the right-of-way is described by its metes and bounds, the dominant estate is entitled to a right-of-way over the entirety of the described area (see Wernicki v Knipper, 119 AD3d 775; Rozek v Kuplins, 266 AD2d 445).
The relevant deed provides a metes and bounds description of the easement for ingress and egress granted to the plaintiff, thus establishing that the plaintiff was granted an express easement in a fixed location over the defendant's property, consistent with that metes and bounds description. The submission of the deed established the plaintiff's prima facie entitlement to judgment as a matter of law on the causes of action for declaratory and injunctive relief (see Wernicki v Knipper, 119 AD3d at 777). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to award the plaintiff summary judgment on the causes of action for declaratory and injunctive relief insofar as asserted against the defendant, and to deny that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him and, in effect, for declaratory relief.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff has a 15.51 foot wide easement over the defendant's property for the purpose of ingress to and egress from the plaintiff's property (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court