Gopum Corp. v Daley (2025 NY Slip Op 03047)

Gopum Corp. v Daley

2025 NY Slip Op 03047

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-00516
 (Index No. 54844/21)

[*1]Gopum Corporation, respondent,
v
Kevin Daley, appellant.

Catalano & O'Fallon, LLP, Poughkeepsie, NY (Sean P. O'Fallon of counsel), for appellant.
Patrick F. Moore, Poughkeepsie, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that an easement confers upon the plaintiff an absolute right to use the defendant's driveway to gain access to the lower level of the plaintiff's property and for injunctive relief, the defendant appeals from an order of the Supreme Court, Dutchess County (Christie L. D'Alessio, J.), dated November 14, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the easement confers upon the plaintiff an absolute right to utilize the defendant's driveway to gain access to the lower level of the plaintiff's property.
The plaintiff is the owner of a strip mall located in Hyde Park. For access to the lower level of its property, the plaintiff relies upon an easement over a portion of a driveway located on the defendant's adjacent property. The easement was granted in an agreement between the parties' predecessors in interest in 1993. The plaintiff commenced this action in December 2021, alleging that the defendant had impeded the plaintiff's use of the easement by placing obstructions, consisting of rocks, that blocked vehicles from using the defendant's driveway to access the lower level of the plaintiff's property. The plaintiff moved, inter alia, in effect, for summary judgment on the first cause of action, seeking a judgment declaring that the easement confers upon it an absolute right to utilize the defendant's driveway to gain access to the lower level of its property, and the third cause of action, seeking injunctive relief. The defendant opposed the motion, arguing that he relocated the easement to an area adjacent to the driveway, which still allowed the plaintiff access to the lower level of its property. The Supreme Court, among other things, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and third causes of action. The defendant appeals.
"When determining a dispute based on an easement agreement, a court must first look to the language of the easement agreement. As with any contract, unambiguous provisions of an easement agreement must be given their plain and ordinary meaning, the parties' intent must be found within the four corners of the document, and interpretation is a question of law for the court" [*2](Highland Meadows Senior Hous. Dev. Fund Co., Inc. v Westchester County Health Care Corp., 226 AD3d 883, 885). "If the parties to a reservation [of an easement or right-of-way] have failed to express their meaning sufficiently, it becomes a question to be ascertained by a court, and in order to arrive at the intent, the surrounding circumstances may be inquired into and taken into consideration" (Sordi v Adenbaum, 143 AD2d 898, 898 [internal quotation marks omitted]).
"Once an easement for ingress and egress is definitively located by grant, its location cannot be changed by either party unilaterally and the servient landowner is not free to unilaterally designate the particular path that may be used for ingress and egress" (Acosta v Vincenti, 185 AD3d 763, 765). However, "where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d 443, 449). "A right of way along a private road belonging to another person does not give the [easement holder] a right that the road shall be in no respect altered or the width decreased, for his [or her] right . . . is merely a right to pass with the convenience to which he [or she] has been accustomed" (id. [internal quotation marks omitted]; see Berg v Cahill, 213 AD3d 725, 729; Guzzone v Brandariz, 57 AD3d 481, 482-483). Thus, where the easement agreement does not specifically describe the location of a right of way, the servient landowner may relocate the right of way, unless such relocation "impairs enjoyment of the easement holder's rights" (Lewis v Young, 92 NY2d at 452).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the original easement agreement, which included a survey depicting the location of the easement over the defendant's property, and an affidavit of the original grantee and the plaintiff's predecessor in interest (see Zuckerman v City of New York, 49 NY2d 557, 562-563).
Even assuming that the grant was not necessarily a particular path over the grantor's driveway, the plaintiff established, prima facie, that the relocation of the easement by the defendant substantially impaired the plaintiff's use and enjoyment of the easement (see Lewis v Young, 92 NY2d at 452; cf. Chekijian v Mans, 34 AD3d 1029). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and third causes of action (see Acosta v Vincenti, 185 AD3d at 765; Wernicki v Knipper, 119 AD3d 775, 777; Sordi v Adenbaum, 143 AD2d at 899).
The defendant's remaining contention is without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the easement confers upon the plaintiff an absolute right to utilize the defendant's driveway to gain access to the lower level of the plaintiff's property (see Lanza v Wagner, 11 NY2d 317, 334).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court