■ RAFAEL LORA et al., Respondents, v LEXINGTON BUSINESS COMPANY et al., Defendants, and ANTHONY MARINO CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant. MORSE DIESEL, Third-Party Defendant-Respondent. [666 NYS2d 719] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Anthony Marino Construction Company appeals from an order of the Supreme

Court, Kings County (I. Aronin, J.), dated December 12, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendant third-party plaintiff's motion which were to dismiss the causes of action based on alleged violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Rafael Lora, while operating a jackhammer in the subbasement of a building, was injured when the jackhammer moved backward and struck him in the face. His injuries did not result from an elevation-related hazard, nor has he alleged how violations of specific standards of conduct promulgated by the Commissioner of Labor contributed to his injuries (see, Amato v State of New York, 241 AD2d 400). Accordingly, the causes of action premised upon Labor Law § 240 (1) and § 241 (6) are dismissed insofar as asserted against the defendant third-party plaintiff.

However, there is a question of fact as to whether the defendant third-party plaintiff, as general contractor, is liable to the injured plaintiff pursuant to Labor Law § 200 and common-law principles (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505-507). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.