■ OLGA MIKCOVA, Respondent, v ALPS MECHANICAL, INC., Appellant. (And a Third-Party Action.) [825 NYS2d 130]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 12, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

This action to recover damages for personal injuries arises out of an accident on July 11, 1999 at Public School 167 in

Brooklyn. The plaintiff, an employee of subcontractor National Environmental Safety Co., was working as a licensed asbestos handler in the school. While working in the basement, metal barriers which were part of a 10- to 12-foot high scaffold standing on the ground next to the plaintiff tipped over and fell on her. The plaintiff alleged causes of action to recover damages for violations of Labor Law § 240 (1), § 241 (6), and § 200, and for common-law negligence against the defendant, Alps Mechanical, Inc. (hereinafter Alps), the general contractor for construction work at the school. Alps moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

The protections of Labor Law § 240 (1) only apply to elevation-related hazards where the work site itself is elevated or is positioned below the level where the materials to be used are located (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Jacome v State of New York*, 266 AD2d 345, 346 [1999]). The metal barriers that fell on the plaintiff did not fall from a higher elevation as the plaintiff claimed and were not the type of hazard experienced by construction workers that is covered by Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec., supra* at 500).

The Supreme Court should have dismissed the Labor Law § 241 (6) cause of action, which was predicated upon alleged violations of Industrial Code, 12 NYCRR 23-1.7 (a), 23-1.8 (c) (1), and 23-2.1. The regulations upon which the plaintiff relied do not apply to the facts of this case (*see Castillo v Starrett City*, 4 AD3d 320, 321 [2004]; *Lora v Lexington Bus. Co.*, 245 AD2d 489 [1997]).

Lastly, the Labor Law § 200 and common-law negligence causes of action should have been dismissed because the plaintiff failed to rebut the defendant's prima facie showing that it did not supervise or control her work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Locicero v Princeton Restoration, Inc.*, 25 AD3d 664, 666 [2006]). Adams, J.P., Ritter, Lunn and Covello, JJ., concur.