KERRY SPIEGLER et al., Respondents, v GERKEN BUILDING CORPORATION et al., Respondents-Appellants, and NORTH FORK BANK, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) [868 NYS2d 712]—

Kerry Spiegler (hereinafter the plaintiff) was working for the third-party defendant All Ran Electric of New York, Inc. (hereinafter All Ran), which had been subcontracted by the defendant Integrity Contracting, Inc. (hereinafter Integrity), to perform electrical work on a building owned by the defendant Gerken Building Corporation (hereinafter Gerken) and leased to the defendant North Fork Bank (hereinafter North Fork). On

May 5, 2000 the plaintiff was working in an electrical room in the basement of the building with a coworker installing a new electrical box. They were in the process of installing an approximately 10-foot-long mounting channel, vertically from the ground to the ceiling against the wall, which was approximately 10 to 15 feet high. The plaintiff was working at ground level and allegedly was injured while he was securing the mounting channel to the ground, when it struck him in the head.

The plaintiff and his wife, suing derivatively, commenced this action alleging claims based on common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6). Integrity moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Gerken separately moved for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment in its favor, inter alia, on its cross claim for indemnification against North Fork. North Fork cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for conditional summary judgment in its favor on its cross claim asserted against Integrity for contractual indemnification. The Supreme Court granted those branches of the separate motions of Integrity and Gerken and that branch of North Fork's cross motion which were to dismiss the claims based on common-law negligence and Labor Law § 200 and denied those branches of the respective motions and cross motion which were to dismiss the claims based on Labor Law § 240 (1) and § 241 (6). The Supreme Court also denied as premature all branches of the motions and cross motion relating to indemnification.

The protections of Labor Law § 240 (1) only apply to elevation-related hazards where the work site itself is elevated or is positioned below the level where the materials or load are being hoisted or secured (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). "With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured' " (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 267-268, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Here, the mounting channel that fell on the plaintiff did not fall from an elevated height and was not the type of hazard experienced by construction workers that is covered by Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 500; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 568 [2006]; *Mikcova v Alps Mech.*,

*Inc.,* 34 AD3d 769, 770 [2006]; *Bailey v Benderson,* 255 AD2d 927 [1998]). Therefore, the Supreme Court should have awarded summary judgment to North Fork, Integrity, and Gerken dismissing the Labor Law § 240 (1) claim insofar as asserted against each of them.

The Supreme Court should also have awarded summary judgment to North Fork, Integrity, and Gerken, dismissing the Labor Law § 241 (6) cause of action, which was predicated on alleged violations of Industrial Code § 23-1.8 (c) (1) (12 NYCRR 23-1.8 [c] [1]), insofar as asserted against each of them as the code provision relied on did not apply to the facts of this case (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d at 501-502) because this was not a "hard-hat" job (*see Modeste v Mega Contr., Inc.,* 40 AD3d 255, 256 [2007]; *Mikcova v Alps Mech. Inc.,* 34 AD3d at 770; *Castillo v Starrett City,* 4 AD3d 320, 321 [2004]; *Sikorski v Burroughs Dr. Apts.,* 306 AD2d 844, 845 [2003]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.