■ LUIS GARCIA, Respondent, v EDGEWATER DEVELOPMENT COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) [878 NYS2d 134]—

In an action to recover damages for personal injuries, the defendant Edgewater Development Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered September 14, 2007, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Edgewater Development Company which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it is granted.

The plaintiff allegedly was injured when a panel of drywall struck his back as he was unloading it from a raised platform and pulling it through an open, second-story window. The defendant Edgewater Development Company established, prima facie, that the plaintiff was not subject to an elevation-related hazard for which the protective devices enumerated in Labor Law § 240 (1) are required. Although the platform was raised to reach the second-story window, the plaintiff was able to grasp the top and bottom corners of the panel while standing on the floor, and thus the drywall was "not elevated above the work site, but rather was at the same level as the plaintiff" (*Cruz v Neil Hospitality, LLC*, 50 AD3d 619, 620 [2008]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-270 [2001]; *Spiegler v Gerken Bldg. Corp.*, 57 AD3d 514 [2008]; *Natale v City of New York*, 33 AD3d 772, 773-774 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the drywall fell from an elevated level, as required to bring the accident within the coverage of Labor Law § 240 (1) (*see Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]; *Spiegler v Gerken Bldg. Corp.*, 57 AD3d 514 [2008]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.