■ DANIEL LANDERS, Respondent, v 1345 LEASEHOLD LLC et al., Defendants, and PLAZA CONSTRUCTION CORP., Appellant. [955 NYS2d 304]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 18, 2011, which denied the motion of defendant Plaza Construction Corporation (Plaza) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered April 17, 2012, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

Dismissal of the complaint is warranted in this action where plaintiff was allegedly injured when, while working on the renovation of office space in a building, the door of a freight elevator fell on his head; Plaza was the construction manager for the renovation. The record shows that plaintiff failed to oppose Plaza's showing of entitlement to judgment as a matter of law on the common-law negligence and Labor Law § 200 claims as well as the Labor Law § 241 (6) claim to the extent that it was predicated on violations of 12 NYCRR 23-1.5 and 23-1.7 (a) and (f).

The only portion of Plaza's motion that plaintiff did oppose concerned his claim for liability pursuant to section 241 (6), predicated on a violation of 12 NYCRR 23-1.8 (c) (1), which concerns the provision of safety hats where there is a danger of being struck by falling objects. However, plaintiff failed to raise a triable issue as to the application of that Industrial Code sec-

tion. Indeed, plaintiff testified that his work site was free of falling object hazards. His attorney's assertion in opposition to Plaza's motion that a hard hat should have been provided was insufficient to defeat Plaza's motion (*see e.g. Telfeyan v City of New York*, 40 AD3d 372 [1st Dept 2007]). Concur—Andrias, J.P., Friedman, DeGrasse and Román, JJ.