■ DONALD L. JACKSON JR., Appellant, v HEITMAN FUNDS/191 COLONIE LLC, et al., Respondents. [976 NYS2d 283]—

Stein, J. Appeal from an order of the Supreme Court (Lynch,

J.), entered November 23, 2012 in Albany County, which, among other things, partially granted defendants' motion for partial summary judgment.

Plaintiff was employed as a roofer by a contractor hired by defendants to replace a roof on a shopping center. In the early morning hours of October 26, 2009, plaintiff was injured when the handle of a roll carrier—a device used to dispense roofing material (the membrane roll)—hit him in the head as he was helping to unroll the membrane.[1] The accident allegedly occurred when the roll carrier shifted on the slippery roof, causing the membrane roll to drop, thereby forcing the T-handle to rapidly move upward and hit plaintiff in the side of his head. As a result of the injuries he sustained, plaintiff commenced this personal injury action against defendants asserting, among other things, claims pursuant to Labor Law §§ 240 (1) and 241 (6). After discovery was conducted, plaintiff moved for summary judgment on the issue of liability as to these causes of action and defendants moved for summary judgment dismissing said causes of action. Supreme Court, as relevant here, denied plaintiff's motion it its entirety and partially granted defendants' motion by dismissing the Labor Law § 240 (1) claim and a portion of the Labor Law § 241 (6) claim. Plaintiff now appeals and we modify.

We first address plaintiff's Labor Law § 240 (1) claim. This statute requires owners and contractors to provide adequate safety devices to protect workers against elevation-related hazards (see *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7-8 [2011]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500 [1993]; *Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 908 [2011]). A plaintiff making such a claim must show that "a failure to provide the required protection at a construction site [ ] proximately caused the injury and that 'the injury sustained is the type of elevation-related hazard to which the statute applies' " (*Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d 31, 34 [2012], quoting *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 7; see *Williams v Town of Pittstown*, 100 AD3d 1250, 1251 [2012]). As applied here, " 'the single

---

**1.** A roll carrier consists of a horizontal steel pipe that is inserted through the membrane roll and is supported at each end by a lifter. As described by plaintiff's expert, each lifter "consists of two wheels upon which a steel frame is attached, one end consisting of a T-shaped handle and the other end . . . is configured with a steel eye hook." When the steel pipe is loaded with the membrane roll and the T-handles are pushed down, the lifters engage the eye-hooks and act as levers, lifting the pipe and membrane roll from the surface of the roof so that the material can be dispensed from the roll for the workers' use.

decisive question is whether plaintiff's injuries were the direct consequence of [defendants'] failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *accord Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 37-38; *Davis v Wyeth Pharms., Inc.*, 86 AD3d at 908). Notably, liability under Labor Law § 240 (1) is not limited to situations in which a falling object directly hits the worker (*see Runner v New York Stock Exch., Inc.*, 13 NY3d at 604 [the plaintiff was exposed to a gravity-related risk while moving a heavy reel of wire down a flight of stairs]; *Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 37).

Initially, we agree with Supreme Court's finding here that plaintiff's injuries flowed "directly from the force of the falling [membrane] roll on the T-handle, causing the handle to strike plaintiff." Notwithstanding that plaintiff was not directly struck by the membrane roll that fell, his injuries were the result of his exposure to the risk of gravity while working with heavy materials that were hoisted above the roof's surface on which he was standing (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10; *Runner v New York Stock Exch., Inc.*, 13 NY3d at 604). Thus, it is necessary to determine whether the risk of injury arose from a physically significant elevation differential so as to require defendants to provide plaintiff with protection by means of a safety device as set forth in the statute. We disagree with Supreme Court's finding that it did not.

In determining whether an elevation differential is physically significant or de minimis, we must take into account " 'the weight of the [falling] object and the amount of force it was capable of generating, even over the course of a relatively short descent' " (*Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 37, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d at 605). Here, for purposes of defendants' motion, plaintiff established that a membrane roll weighing between 600 and 800 pounds was hoisted by the roll carrier to a height of approximately 1½ feet off the roof's surface at the time of the accident. In our view, despite the relatively short distance that the membrane roll fell, it constituted a significant elevation differential given its substantial weight and the powerful force it generated when it fell, so as to require a safety device as set forth in Labor Law § 240 (1) (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10; *Runner v New York Stock Exch., Inc.*, 13 NY3d at 605; *see also Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 37; *Marrero v 2075 Holding Co.*

*LLC*, 106 AD3d 408, 409 [2013]; *Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 474 [2012]; *DiPalma v State of New York*, 90 AD3d 1659, 1660 [2011]). Accordingly, Supreme Court should not have granted defendants' motion for summary judgment dismissing the Labor Law § 240 (1) cause of action on this basis.

Nonetheless, contrary to plaintiff's contention, Supreme Court properly denied his motion for summary judgment with respect to the Labor Law § 240 (1) claim, as a question of fact exists as to whether defendants failed to provide adequate protection and whether such failure proximately caused his injuries. In this regard, plaintiff asserted that no safety device was provided and that, even if the roll carrier could be considered a safety device, it was inadequate to safely hoist the membrane roll from the roof's surface. Through the affidavit of Javier Negron, an assistant supervisor on the construction site who was present when plaintiff was injured, plaintiff offered proof that the roll carrier slipped on the icy surface, causing the roll to fall onto the roof's surface which, in turn, forced the T-handle off the lifter, causing it to rapidly rise and hit plaintiff on the head.

Plaintiff also submitted the affidavit of his expert, Richard Pikul, a civil/structural engineer. In Pikul's opinion, the slippery condition of the roof allowed the roll carrier to shift, causing it to come out of balance under the weight of the membrane roll, and it "failed to maintain the elevated weight in a stable position." Pikul further opined that "the roll carrier by itself was an inadequate device to maintain the roll in a stationary, stable, elevated position" and, therefore, plaintiff should not have used the roll carrier without additional safety devices as listed in Labor Law § 240 (1). Pikul explicitly concluded that "plaintiff's injuries were the direct consequence of a failure to provide adequate protection against the risk of the roll carrier failing to maintain the elevated position of the membrane." Considering this evidence and the undisputed fact that the roll carrier did not maintain the membrane roll at the height to which it was hoisted, plaintiff made a prima facie showing that defendants' failure to provide adequate safety devices proximately caused plaintiff's injuries (*see Kropp v Town of Shandaken*, 91 AD3d 1087, 1090 [2012]; *Georgia v Urbanski*, 84 AD3d 1569, 1570 [2011]), shifting the burden to defendants to present evidence that they furnished plaintiff with adequate protection.

To that end, defendants submitted, among other things, the affidavit of Lyle Hogan, a civil engineer and registered roof consultant, who had experience with the roll carrier device involved

in this accident. Hogan concluded that the roll carrier is an adequate safety device and, after inspecting it, determined that it did not fail, collapse or slip. Moreover, he stated that he was "not aware of any safety device . . . that would have prevented this accident." Considering the conflicting evidence, questions of fact exist as to whether plaintiff's injuries were proximately caused by the lack of a safety device of the kind required by the statute to prevent summary judgment on the Labor Law § 240 (1) claim (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 10; *Kropp v Town of Shandaken*, 91 AD3d at 1090).

Turning to plaintiff's claims under Labor Law § 241 (6), he was required to demonstrate that defendants violated a provision of the Industrial Code that imposed a specific duty (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-502; *Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 40). With respect to his claim premised upon a violation of the regulation requiring safety measures to prevent or rectify slipping hazards (*see* 12 NYCRR 23-1.7 [d]), plaintiff offered unrefuted evidence that the roof was slippery with patches of black ice. However, whereas plaintiff's expert opined that the slippery condition was a cause of the accident, defendants' expert concluded otherwise based on various tests he conducted. Thus, Supreme Court properly determined that there are triable issues of fact and denied the parties' respective motions for summary judgment with respect to a violation of this regulation (*see Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 40-41).

Nor do we discern any error in Supreme Court's dismissal of plaintiff's Labor Law § 241 (6) claim premised upon a violation of 12 NYCRR 23-1.8 (c) (1), pertaining to the provision of protective headgear.[2] Under the circumstances presented here, plaintiff failed to raise a triable issue of fact as to whether he was exposed to the hazards of a falling object or head bumping against which this regulation was designed to protect (*see Spiegler v Gerken Bldg. Corp.*, 57 AD3d 514, 517 [2008]; *Modeste v Mega Contr., Inc.*, 40 AD3d 255, 256 [2007]; *compare Cantineri v Carrere*, 60 AD3d 1331, 1333 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 826 [2009]).[3]

To the extent not specifically addressed herein, the parties'

---

2. Plaintiff has abandoned any challenge to that part of Supreme Court's order that dismissed the Labor Law § 241 (6) claim premised upon 12 NYCRR 23-1.28 (c) by failing to address it in his brief on appeal (*see Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1074 n 2 [2009]).

3. Notably, plaintiff's expert did not indicate that the work being performed subjected plaintiff to the type of hazards that would have required the use of a hard hat (*see Landers v 1345 Leasehold LLC*, 100 AD3d 576, 577 [2012]).

remaining claims have been considered and are either academic or without merit.

Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) cause of action; motion denied to that extent; and, as so modified, affirmed.