Lynch, J.
Cross appeals (1) from an order of the Supreme Court (Nolan Jr., J.), entered October 29, 2013 in Saratoga County, which, among other things, partially granted defendants’ cross motion for summary judgment, and (2) from an order of said court, entered April 15, 2014 in Saratoga County, which, among other things, denied defendants’ cross motion for reargument.
Plaintiff was employed as a mason tender involved in the construction of a six-story condominium building located in the City of Saratoga Springs, Saratoga County. On the day he was injured, plaintiff was delivering and collecting materials from a third floor balcony to and from the masons as they worked on scaffolds erected alongside the building. After making a delivery of bricks and materials from two five gallon buckets, he would fill the buckets with debris and return to a central location to empty the buckets before loading more bricks and materials to return to the scaffolds. In order to complete the delivery, plaintiff had to walk underneath a scaffold frame located on the balcony. After working in this capacity for ap *1157 proximately 45 minutes, the scaffold frame fell and struck him on the back of the head and neck, causing injury.
Plaintiff commenced this personal injury action, alleging claims pursuant to Labor Law §§ 200, 240 (1) and 241 (6), as well as a common-law negligence claim against defendant Bonacio Construction, Inc. (hereinafter BCI), the general contractor; he later amended the complaint to add defendant 262 Broadway, LLC, the owner of the condominium (hereinafter Broadway). After issue was joined, plaintiff moved for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) causes of action and defendants cross-moved for summary judgment dismissing plaintiff’s complaint. Supreme Court partially granted defendants’ cross motion by dismissing the Labor Law §§ 200, 241 (6) and common-law negligence causes of action, and denied plaintiff’s motion in its entirety. Defendants now appeal from so much of the order as denied their cross motion for summary judgment and plaintiff cross-appeals from the order as a whole.[1]
Labor Law § 240 (1) “imposes absolute liability on building owners and contractors whose failure to 'provide proper protection to workers employed on a construction site’ proximately causes injury to a worker” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011], quoting Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490 [1995]). The statute is intended to provide “extraordinary protections . . . [applicable] only to a narrow class of dangers. More specifically, [the statute] relates only to special hazards presenting elevation-related risks” (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015] [internal quotation marks, brackets and citations omitted]). Accordingly, “section 240 (1) does not automatically apply simply because an object fell and injured a worker; '[a] plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute’ ” (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014] [emphasis omitted], quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]). Where, as here, an injury is caused by a falling object, liability “depends on whether the injured worker’s task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against” (Salazar v Novalex Contr. Corp., 18 *1158 NY3d 134, 139 [2011] [internal quotation marks and citation omitted]; see Mohamed v City of Watervliet, 106 AD3d 1244, 1245 [2013]). An elevation-related risk arises only where there is a “physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). In order to determine whether a height differential is physically significant, we must consider “the weight of the object and the amount of force it was capable of generating, even over the course of a relatively short descent” (id. at 605; see Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1210 [2013]). Without a significant elevation differential, Labor Law § 240 (1) does not apply, even if the injury is caused by the application of gravity on an object (see Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31, 36 [2012]).
Here, “tak[ing] into account the practical differences between the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by [the statute],” as we must (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011] [internal quotation marks and citations omitted]; see Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843 [1994]), we find that plaintiff’s injury, caused by the tipping frame or scaffold component (see 12 NYCRR 23-1.4), did not fall within the scope of Labor Law § 240 (1). Our conclusion remains even if we accept it to be true that the frame was part of a scaffold that was in the process of being assembled or dismantled (see Cody v State of New York, 52 AD3d 930, 931 [2008]).[2] The record indicates that, at most, the crossbar of the frame, which was upright but not connected to any other component or supporting any planking, was two feet above plaintiff’s head.[3] In our view, the facts do not present a physically significant height differential and, while plaintiff was exposed to a general workplace hazard, he was not exposed to an *1159 elevation-related risk within the ambit of Labor Law § 240 (1) (see Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d at 843; Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d at 40; Mikcova v Alps Mech., Inc., 34 AD3d 769, 770 [2006]; Atkinson v State of New York, 20 AD3d 739, 740-741 [2005]; compare Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d at 1210). As such, this cause of action should be dismissed.
We agree with plaintiff, however, that Supreme Court should not have dismissed plaintiff’s claim pursuant to Labor Law § 241 (6). In order to establish a section 241 (6) claim, plaintiff “must show the applicability of a specific provision of the Industrial Code to the relevant work, a violation of the regulation, and that such violation constituted causally related negligence” (Boots v Bette & Cring, LLC, 124 AD3d 1119, 1120 [2015] [internal quotation marks and citations omitted]). Here, as Supreme Court noted, the provisions set forth in 12 NYCRR subpart 23-5 apply to “scaffolds used in construction and demolition operations” (12 NYCRR 23-5.1 [a]). Defendants contend that, because the scaffold frame was not in use, the regulations do not apply. When we consider plaintiff’s description of the work site, including his recollection that the scaffold frame was placed so proximately to a partially constructed scaffold, we find that, at the very least, there are questions of fact with regard to whether a scaffold was being assembled or disassembled on the work site. Accordingly, Supreme Court should not have dismissed the claim premised on Labor Law § 241 (6).
Finally, while we agree with Supreme Court’s determination to dismiss plaintiff’s Labor Law § 200 and common-law negligence claims against Broadway, the court should not have dismissed such claims as against BCI. “Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work” (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). “[T]o impose liability upon a general contractor for an injury resulting from a subcontractor’s unsafe work practices, there must be a showing of supervisory control and actual or constructive knowledge of the unsafe manner of performance” (Card v Cornell Univ., 117 AD3d 1225, 1226 [2014]). A plaintiff may also assert a claim based on a dangerous condition at the work site upon “a showing of control of the place of injury and actual or constructive notice of the unsafe condition” (id.).
Here, the record confirms that neither Broadway nor BCI exercised sufficient supervisory control over plaintiff or his manner or method of work. The parties agree that only BCI *1160 maintained a consistent presence at the work site, but that it did not have any authority with regard to how plaintiff performed his daily tasks. That said, plaintiff testified that he saw BCI’s representative on the balcony just prior to his injury, and BCI conceded that their project supervisors were on site every day. Accordingly, and because it is not disputed that BCI had general authority and control over the work site, Supreme Court should have denied the cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against BCI as there are factual questions with regard to whether it had actual or constructive knowledge of the dangerous condition presented by the presence of the scaffold frame in plaintiff’s immediate work area on the balcony (see Edick v General Elec. Co., 98 AD3d 1217, 1219 [2012]; Coleman v Crumb Rubber Mfrs., 92 AD3d 1128, 1131 [2012]; Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1265 [2010]).
Peters, P.J., Garry and Egan Jr., JJ., concur.
Ordered that the order entered October 29, 2013 is modified, on the law, without costs, by reversing so much thereof as (1) denied defendants’ cross motion dismissing the Labor Law § 240 (1) cause of action, (2) granted defendants’ cross motion dismissing the Labor Law § 200 and common-law negligence causes of action against defendant Bonacio Construction, Inc., and (3) granted defendants’ cross motion dismissing the Labor Law § 241 (6) cause of action against both defendants; cross motion granted and denied to said extent and the Labor Law § 240 (1) cause of action is dismissed; and, as so modified, affirmed. Ordered that the cross appeals from the order entered April 15, 2014 are dismissed, without costs.

. Plaintiff moved and defendants cross-moved for reargument. Supreme Court denied said motions and plaintiff and defendants also cross-appeal from this order. Said appeals must be dismissed, however, as no appeal lies from an order denying reargument (see Borst v International Paper Co., 121 AD3d 1343, 1345 n 2 [2014]).

. The record is equivocal on this point. At his deposition, plaintiff confirmed that the frame did not fall from a scaffold that was erected and in use on the balcony. He recalled that he was working in the area for 45 minutes, continuously passing underneath only the single frame piece before he was injured.

. Plaintiff is 5 feet 7 inches tall. He testified that the frame was six feet high by five feet wide. Later, in a supplemental affidavit, he averred that the frame may have had “feet” on it, which would have added to its height. While he could not be sure, he recalled that, as he walked underneath, it was at least two feet over his head. According to defendants’ expert, the frame crossbar was 77 inches high and the component, unsupported, weighed just under 46 pounds. Defendants’ expert explained that, when tipped to approximately 60 inches above the ground (at the level where plaintiff was hit), the component weighed approximately 28 pounds. Plaintiff did not submit any expert evidence.