14-3182-cv
*Diaz v. Globalfoundries U.S., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

———————————————————————

JOSE DIAZ,

> *Plaintiff-Appellant*,

v.                                                                                  14-3182-cv

GLOBALFOUNDRIES U.S., INC. and M+W U.S., INC.,

> *Defendants-Appellees*,

GLOBALFOUNDRIES INC., M&W GROUP, M&W ZANDER,

> *Defendants*.

———————————————————————

1

FOR PLAINTIFF-APPELLANT:    Nicholas P. Giuliano, Giuliano, McDonnell & Perrone LLP, New York, NY

FOR DEFENDANTS-APPELLEES:  David M. Cost, Hiscock & Barclay, LLP, Albany, NY

  **UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

  Plaintiff-Appellant Jose Diaz appeals from an August 1, 2014 order of the United States District Court for the Northern District of New York (Mordue, *J.*) granting summary judgment to Defendants-Appellees Globalfoundries U.S., Inc. and M+W U.S., Inc. on Diaz's claim under N.Y. Labor Law § 240(1). *Diaz v. Globalfoundries, U.S., Inc.*, No. 1:12-CV-1327, 2014 WL 3809206, at *7 (N.D.N.Y. Aug. 1, 2014). Globalfoundries and M+W (collectively, "Defendants") were the owner and contractor, respectively, at a construction site where Diaz injured his shoulder while standing atop a sixteen-foot ladder and attempting to lift and maneuver a "cap" weighing at least 30 pounds onto the open end of a ventilation duct. Diaz sued Defendants in diversity, claiming that a pulley system should have been used to lift the cap into place and would have prevented the injury. The district court held that Diaz could not recover because his injury did not result from the descent of the cap, but was instead the result of his "attempt[] to lift an inert weight." *Id.* at *6. We assume the parties familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review a district court's grant of summary judgment de novo, construing all evidence in the light most favorable to the non-moving party. *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 81 (2d Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

N.Y. Labor Law § 240(1) provides, in relevant part:

> All contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Despite the breadth of the statutory text, "New York limits liability under section § 240(1) to accidents related to the inherent effects of gravity," *Runner v. N.Y. Stock Ech., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009), "where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured." *Rocovich v. Consol. Edison Co.*, 78 N.Y.2d 509, 514 (1991). In order to be entitled to recovery under § 240(1), a plaintiff must show both (1) the existence of an elevation-related hazard of the type encompassed by the statute, and (2) an injury proximately caused by the absence of proper protection from the hazard. *See Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1, 7 (2011).

Historically, some New York courts applying § 240(1) appeared to limit liability to those injuries that were caused by either a "falling worker" or "falling object." In 2009, however, the

3

New York Court of Appeals, in response to certified questions from our Court, clarified that falling workers and falling objects were merely illustrative of the types of gravity- or elevation-related injuries covered by § 240(1). *See Runner v. N.Y. Stock Exch., Inc.*, 13 N.Y.3d 599, 604-05 (2009). As explained in *Runner*, under § 240(1), "the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential." *Id.* at 603.

The district court concluded that Diaz could not recover because his injuries were caused "by the ordinary operation of gravity while lifting a heavy object." *Diaz*, 2014 WL 3809206, at *6. But there was nothing "ordinary" about Diaz's task and the resulting injury. Diaz testified—and Defendants have adduced no evidence to the contrary—that the job he was asked to perform is one that would typically require two or three workers using a combination of ropes and pulleys or a chain block and equipment lift. In other words, "a hoisting or securing device of the kind enumerated in [§ 240(1)] would have been necessary." *Narducci v. Manhasset Bay Assocs.*, 96 N.Y.2d 259, 268 (2001). There is also no dispute that Diaz was instructed to do the job without any of these safety devices and, because his foreman did not assist him, was made to attempt the job alone. From the top of a ladder at an elevation of sixteen feet, Diaz pulled the cap towards himself using a rope. Before it reached him, the cap became stuck under the branch opening of the ventilation duct. The weight of the cap was "tremendous," and Diaz had difficulty continuing to hold it in place. His foreman, who had initially promised to help, was nowhere to be seen, and Diaz was left struggling with the cap on his own. When he tried to lift the cap free to secure it while he waited for his foreman, Diaz sustained a torn rotator cuff.

4

Under these circumstances, we conclude that Diaz's injuries were caused by a hazard "plainly arising from a workplace elevation differential," *Runner*, 13 N.Y.3d at 605, and therefore are within the scope of § 240(1)'s protection. *See Suwareh v. State*, 806 N.Y.S.2d 524, 525 (1st Dep't 2005) (affirming recovery under § 240(1) where worker who was standing on a rooftop and hoisting a bucket of tar with a rope was injured while attempting to free the bucket from the building ledge). Diaz's case is thus readily distinguishable from cases in which no liability attaches because the plaintiff attempts to lift an object with his feet firmly planted on a flat surface and there is no meaningful elevation differential between the plaintiff and the object being lifted. *See, e.g.*, *Carr v. McHugh Painting Co.*, 7 N.Y.S.3d 739, 742 (4th Dep't 2015); *Garcia v. Edgewater Dev. Co.*, 878 N.Y.S.2d 134, 135 (2d Dep't 2009).

Accordingly, we vacate the judgment of the district court to the extent it dismissed Diaz's claim on the ground that he did not sustain an injury from an elevation-related risk within the meaning of § 240(1). We remand to the district court, however, so that it may address in the first instance if there is an issue of material fact as to whether Diaz's injuries were proximately caused by the absence of proper safety equipment.[1] *See, e.g.*, *Steinman v. Morton Int'l, Inc.*, 519 F. App'x 48, 52 (2d Cir. 2013) (remanding for the district court to "consider whether a jury could reasonably find that adequate protective devices contemplated by the statute could have been implemented

---

[1] In doing so, we note that this inquiry is distinct from Defendants' alternative argument that Diaz himself was the "sole" proximate cause of his own injuries. Under § 240(1), a plaintiff is the sole proximate cause of his injuries if he knowingly and voluntarily chooses to forgo the use of available safety equipment "for no good reason," causing an accident. *Gallagher v. N.Y. Post*, 14 N.Y.3d 83, 88 (2010). Thus, even had a pulley been available to Diaz, as Defendants contend, any failure by Diaz to avail himself of such equipment could not have been the sole proximate cause of the injury because Diaz was acting under direct orders from his supervisor.

such that the accident could have been prevented"); *see also Wilinski*, 18 N.Y.3d at 11 (summary judgment for the plaintiff is not proper unless plaintiff demonstrates that protective devices could have prevented the accident, or if defendant demonstrates that no protective devices were necessary).

*   *   *

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk