■ John Palomeque et al., Respondents, v Capital Improvement Services, LLC, Respondent-Appellant, and Metro Waterworks, Inc., Appellant-Respondent. (And Third-Party Actions.) [43 NYS3d 483]—

In an action to recover damages for personal injuries, etc., the defendant Metro Waterworks, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered November 24, 2014, as denied its motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it and granted those branches of the motion of the defendant Capital Improvement Services, LLC, which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against Metro Waterworks, Inc., and the defendant Capital Improvement Services, LLC, cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it.

Ordered that the appeal by the defendant Metro Waterworks, Inc., from so much of the order as granted those branches of the motion of the defendant Capital Improvement Services, LLC, which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it is dismissed, as

Metro Waterworks, Inc., is not aggrieved by that portion of the order (see CPLR 5511; *Hatton v Lara*, 142 AD3d 1047, 1048 [2016]; *Rodriguez v Flushing Town Ctr. III, L.P.*, 133 AD3d 647 [2015]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Metro Waterworks, Inc., and the separate motion of the defendant Capital Improvement Services, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against each of them, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Capital Improvement Services, LLC, payable by the plaintiff and the defendant Metro Waterworks, Inc., and one bill of costs is awarded to the defendant Metro Waterworks, Inc., payable by the plaintiff.

On April 12, 2010, the plaintiff John Palomeque (hereinafter the injured plaintiff) was allegedly injured when he was struck in the head with a pipe while working as an electrician at a construction site. The general contractor at the site was Capital Improvement Services, LLC (hereinafter Capital), and the plumbing subcontractor was Metro Waterworks, Inc. (hereinafter Metro). According to the deposition testimony of Haylon Dennis, an employee of Metro, as Dennis was descending from a ladder, he swung a pipe that he was holding and hit the injured plaintiff, whom Dennis did not realize was standing near him. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against Capital and Metro, alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241 (6).

The Supreme Court should have granted those branches of the separate motions of Capital and Metro which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against each of them. Capital and Metro each established their prima facie entitlement to judgment as a matter of law by demonstrating that the injury was not the direct consequence of the application of the force of gravity to an object or person (see *Gasques v State of New York*, 15 NY3d 869, 870 [2010]; *Dilluvio v City of New York*, 95 NY2d 928, 929 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court also should have granted those branches of the separate motions of Capital and Metro which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them. Capital and Metro each made a prima facie showing that 12 NYCRR 23-1.8 (c) (1) is inapplicable to the facts of this case (*see Spiegler v Gerken Bldg. Corp.*, 57 AD3d 514, 517 [2008]; *Mikcova v Alps Mech., Inc.*, 34 AD3d 769, 770 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). The plaintiffs have abandoned their reliance on provisions of the Industrial Code other than 12 NYCRR 23-1.8 (c) (1) by failing to address those provisions in their brief on appeal (*see Harsch v City of New York*, 78 AD3d 781, 783 [2010]; *Musillo v Marist Coll.*, 306 AD2d 782, 783 n [2003]).

The Supreme Court properly granted that branch of Capital's motion which was for summary judgment on its cross claim against Metro for contractual indemnification. Capital established, prima facie, that the indemnification clause in the contract between Capital and Metro was applicable, and that Capital was free from negligence (*see Mohan v Atlantic Ct., LLC*, 134 AD3d 1075, 1078 [2015]; *Muevecela v 117 Kent Ave., LLC*, 129 AD3d 797, 798 [2015]). In opposition, Metro failed to raise a triable issue of fact. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.